BERTRAND LAMONTAGNE *et al. vs.* ZONING BOARD OF REVIEW OF THE CITY OF WARWICK.

DECEMBER 7, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

PAOLINO, J. This is a petition for a writ of certiorari to review the decision of the zoning board of review of the city of Warwick granting the application of Concetta Davis for an exception or variation under the zoning ordinance to use the basement of her home as a one-unit beauty salon. Pursuant to the writ the board has certified the pertinent records to this court.

The premises in question are owned by the applicant and her husband and are located at 5 Covington Drive in a residence A-7 district. At the hearing the applicant stated that she desired permission for a one-unit operation which she would operate herself; that she did not intend to hire any help; and that she could not keep the shop she was operating elsewhere because she had a baby which made it difficult to leave home and go out and work. The applica-

tion states that she is seeking relief under section 5.11 of the ordinance.

Several remonstrants, including petitioners, objected to the application on the grounds that the proposed use would create traffic problems and would tend to adversely affect the purely residential character of the area. After the hearing the board entered a decision granting the application subject to certain conditions. The board based their decision on the ground that the one-unit beauty salon was "a reasonable accessory home use * * *."

In our opinion the board's conclusion that a one-unit beauty salon is a reasonable accessory home use is erroneous. Section 5.11, entitled "Home Occupations," does not expressly nor by necessary implication include a beauty salon as a permitted home use in a residence district. Section 6.1.1 classifies a beauty shop as a limited business. The legislature has expressly prescribed that the operation of a beauty salon is a business. General laws 1956, §5-10-16, reads as follows:

> "Application of zoning laws.—The practice of hairdressing and cosmetic therapy shall be considered a business under the zoning laws of the several cities and towns and licenses shall be issued only in compliance with the zoning laws of the city or town in which such shop, place of business or establishment is located."

Moreover, the proposed use is not an accessory use within the meaning of the ordinance. Section 5.12 reads in part as follows:

> "5.12   Accessory Buildings and Uses
>      Accessory uses, including private garages, in a Residence District are permitted which:
>      5.12.1 are clearly incidental to and customarily associated with the principal use * * *."

In our opinion a beauty shop is not incidental to and customarily associated with a home use. As the court said in *Boreth* v. *Philadelphia Zoning Board of Adjustment*, 396 Pa. 82, 84, where it quoted with approval the following lan-

guage from *Gold* v. *Zoning Board of Adjustment,* 393 Pa. 401, 404:

> "It is to be noted that the use must not only be 'incidental' to, but must also be 'customarily conducted' in a dwelling. Thus, that it might be incidental to his living in the home is not sufficient, and merely because he would have only one chair, operate only by appointment, or display no signs, would not determine the matter. A practical and sensible approach to the question leaves no doubt that this is not a customary use of a dwelling, such as sewing or cooking might be. Barbering is a commercial use, and not ordinarily or customarily conducted in a home. It is a business ordinarily conducted in a business shop or building."

After careful consideration it is our opinion that a one-unit beauty shop is neither a home occupation nor an accessory use within the meaning of the ordinance and that therefore the board erred in finding that the proposed use was a reasonable accessory home use. *Boreth* v. *Philadelphia Zoning Board of Adjustment, supra.*

It may be helpful to point out that if the proposed use was in fact a home occupation or an accessory use within the meaning of the ordinance the applicant would be entitled to such use as a matter of right and would be under no duty to apply to the board for a special exception or variance. But even if we assume that her application was properly before the board as a request for an exception or variance, it is our opinion that the record would not support the grant of either a special exception or a variance.

The petition for certiorari is granted, the decision of the respondent board is quashed, and the records certified to this court are ordered sent back to the respondent board with our decision endorsed thereon.

*Donald P. Ryan,* for petitioners.

*James R. Morriss,* City Solicitor, *James P. Quirk,* Assistant City Solicitor, for City of Warwick, for respondent.