EDWARD VARTIAN *et ux. vs.* JOSEPH TERINO *et al. as*
*Members of the Zoning Board of Review of the*
*Town of North Providence.*

NOVEMBER 13, 1964.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

POWERS, J. This petition for certiorari was brought to
review a decision of the zoning board of review granting
an exception to the terms of the zoning ordinance of the
town of North Providence. We issued the writ and in com-
pliance therewith the pertinent papers have been duly cer-
tified to this court.

It appears therefrom that William and Teresa Trotter,
husband and wife, are the owners and occupants of a dwell-

ing with an attached garage at 15 Lewis street. The land is designated as lot 281 on assessors' plat 4 and is in a district zoned RL, or limited residential.

It further appears that Teresa Trotter made application to the board for an exception to operate a beauty shop on the premises then in use as a garage, setting forth that: "Working outside the home is a hardship for myself and my family. If I am able to work at home I can combine business with homemaking."

At the hearing thereon held August 9, 1962, the applicant did not appear but was represented by her husband. The record is almost barren of what transpired, but from the skimpy account available to us it appears that his testimony was limited to a statement that there was ample parking space and that not more than two or three customers would be in the shop at the same time.

The instant petitioners were represented by counsel as remonstrants and at the close of the hearing decision was reserved until after they had filed written objections with the board.

On September 20, 1962, the board rendered its decision granting the application and setting forth its reasons therefor, which in view of the conclusion we reach need not be related in full. The final reason given, however, was stated as follows:

> "2. That to refuse an exception to permit the applicant to use a portion of the premises as a beauty shop would deprive the applicant of the reasonable and beneficial use of her property."

The application was granted subject to six specific conditions, but it would serve no purpose to include them in this opinion.

The petitioners who reside across the street from the applicant and her husband contend that the decision of the board is arbitrary, unreasonable and constitutes an abuse of its discretion on three grounds. First, the application for

relief was directed to no specific provision of the ordinance and in such circumstances could have been considered as one for a variance only, citing *Caldarone* v. *Zoning Board of Review*, 74 R. I. 196, and *Winters* v. *Zoning Board of Review*, 80 R. I. 275. Second, there was no evidence before the board as to the hardship applicant was required to show in justification of a variance, citing *Laudati* v. *Zoning Board of Review*, 91 R. I. 116. Third, even if for some reason not anticipated by the board this court should find that it was justified in considering the application as one for an exception, the evidence adduced was not the type required in such cases.

The respondent board does not seriously question the soundness of petitioners' first two contentions. Nor could it do so successfully. This court has never departed from the rule for which the *Caldarone* and *Winters* cases are cited, namely, that an application for an exception or a variance is to be treated as one for a variance only, when the application fails to specify the provision of the ordinance, if any, under which the exception sought is to be granted and there is no evidence elsewhere in the record to show that a claim for a specific exception is being made.

If the instant application were considered as one for a variance, the decision could not be supported because, as petitioners argue, the only allegation of hardship is contained within the application and that refers to hardship of a personal nature. No principle is more firmly established in this jurisdiction than that, in granting a variance from the terms of the ordinance, there must be some evidence from which the board can find that a denial of the relief sought would result in a loss of all beneficial use. In the instant case there is not a scintilla of such evidence.

The board contends vigorously, however, that the application on its face seeks only an exception, the words "or variation" having been crossed out by the applicant. Moreover, it insists, the specific provision of the ordinance re-

lied upon was made known to the board and it bases its decision thereon. It is contained in an amendment to the ordinance adopted April 6, 1962, being art. II, §2, subsec. 8, which reads as follows:

"Customary home occupation (performed by the occupant and using no more than 150 sq. ft. in the area of one floor, provided such activity shall not be visible from a lot line and that there shall be no exterior advertising)."

The parties agree that the board expressed itself as not being familiar with the amendment in question and there is some indication that it was furnished with a copy thereof during the course of the hearing. Whether all of these circumstances, considered together, would be sufficient to take the case out of the principle for which *Caldarone* and *Winters* are cited, however, we need not decide since, assuming that they do, the provision of the ordinance in question would not authorize the particular relief granted.

The petitioners contend that in *LaMontagne* v. *Zoning Board of Review*, 95 R. I. 248, 186 A.2d. 239, this court expressly held that a one-unit beauty shop was neither an accessory use nor a customary home occupation. The board, however, argues that the Warwick ordinance under consideration in that case did not contain the language present in the North Providence ordinance pursuant to which the instant application was granted, and therefore our language in the *LaMontagne* case regarding customary household occupation is dictum and not controlling here.

Since that phrase, the board argues, necessarily requires interpretation whenever an exception is sought thereunder, the interpretation given to it in the case at bar was reasonable and proper.

In the circumstances here presented, we are unable to agree. The municipal legislature provided that in every residential district a "Customary home occupation" shall be a permitted use if authorized as an exception by the board. In districts zoned RG, or general residential, how-

454

ever, provision is made for an additional exception. It is found in art. II, §7, subsec. 1, which provides, "Barber, beautician, shoe repair, laundry pickup, etc."

By this subsection the town council expressly authorized the granting of an exception to permit the use of one's property in the operation of a beauty shop. It seems clear that if the municipal legislature had intended that such a use came within the meaning of a "Customary home occupation" they would not have deemed it necessary to make the distinction when providing for beauticians in RG districts.

In our judgment, therefore, the board lacked authority to authorize use of the applicant's garage as a beauty shop by reason of the provision of the ordinance on which she relies.

The petition for certiorari is granted, the decision of the board is quashed, and the papers certified to this court are ordered returned to the respondent board with our decision endorsed thereon.

*John K. Najarian,* for petitioners.

*Michael A. Abatuno,* Town Solicitor for Town of North Providence, for respondents.