238 A.2d 745.

CARTER CORPORATION *vs.* ZONING BOARD OF REVIEW OF THE TOWN OF CUMBERLAND.

MARCH 5, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

516

JOSLIN, J. This petition for certiorari was brought to review a decision of the respondent board denying the petitioner's application for permission to establish a gasoline station on certain premises located in an industrial A zone on Diamond Hill road in the town of Cumberland. The writ issued and the pertinent papers have been duly certified.

Although petitioner did not specify the section of the ordinance upon which it based its claim for relief, it is abundantly clear from the record that all parties concerned considered the application as though it were directed to those provisions of the ordinance which permit the location of a gasoline station in an industrial A zone as a special exception, and we so consider it. *Vartian* v. *Terino,* 98 R. I. 450, 204 A.2d 428.

The petitioner's entitlement to the requested special exception turns on whether it met the preconditions to such a grant which appear in art. Nine, sec. 1, of the zoning ordinance and which provide in pertinent part that the board may grant relief:

"* * *

"When in its judgment, the public convenience and welfare will be substantially served, and the appropriate use of neighboring property will not be substantially or permanently injured, the Zoning Board of

Review may, in a specific case, after public notice, at a hearing, and subject to appropriate conditions and safeguards, authorize special exceptions to the regulations herein established, as follows:

\* \* \*

"3. Approve in any district an application for any use or building which Zoning Board of Review finds

(a) to be in harmony with the character of the neighborhood, appropriate to the use or buildings permitted in such district, and possessive of a reasonable tendency towards promoting the public convenience, the public welfare, or the public health;

(b) where such use or building is reasonably necessary for the convenience or welfare of the public."

This legislation establishes guidelines which circumscribe the board's authority to act affirmatively and the critical question for us is whether the standards as fixed were met. The evidence on that issue is conflicting and the board, although it summarized that evidence in its decision, failed to resolve the conflicts. Its conclusion, rather than being premised upon a finding that one or more of the preconditions had not been met, was grounded instead on its finding that petitioner had failed "\* \* \* to sustain their burden that the present restrictions constitute an undue hardship \* \* \*." While that consideration would be apt if this were an application for a variance and decisive to the ultimate conclusion if that were the relief sought, petitioner's failure to show that the present restrictions on its land constituted an undue hardship was without relevance on this petition for a special exception and was therefore unacceptable as a basis for denying relief. The board's failure either to make the prerequisite findings of fact or to give a valid ground for its conclusion are infirmities which cannot be overlooked and make it impossible for us either to approve or to dis-

approve what has been done. *Coderre* v. *Zoning Board of Review,* 102 R. I. 327, 230 A.2d 247. To do otherwise would require that we speculate on how the board would have resolved the factual disputes or what it would have concluded had it performed its duty. This we refuse to do. *Hopf* v. *Board of Review,* 102 R. I. 275, 230 A.2d 420; *Coderre* v. *Zoning Board of Review, supra.*

The petition for certiorari is granted, the papers certified are ordered returned, and the decision heretofore issued is quashed without prejudice to the right of the petitioner to apply again to the respondent board for relief under the terms of the ordinance.

*John E. Graham 3rd,* for petitioner.

*Antonio S. Almeida,* Town Solicitor, *Raymond J. Mc-Mahon, Jr.,* for respondent.