Salvatore ZAMMARELLI and Audrey L. Zammarelli

v.

Malcolm W. BEATTIE et al.

No. 81–148–M.P.

Supreme Court of Rhode Island.

May 13, 1983.

**952**

Arthur W. Murphy, Newport, for petitioners.

Steven E. Snow, Providence, for respondents.

## OPINION

WEISBERGER, Justice.

This case comes before us on a petition for certiorari from a judgment entered in the Superior Court sustaining a decision of the Zoning Board of the Town of Little Compton denying a petition for variance filed by Salvatore and Audrey L. Zammarelli (petitioners). We grant the petition and remand the case to the Superior Court with directions. The lengthy travel of this case is as follows.

In 1966 petitioners entered into an agreement to purchase an irregularly shaped lot upon a plat that had been recorded prior to the adoption of a zoning ordinance in Little Compton. The lot to which this agreement related had not been numbered however at the time of recording. The owner of this platted development, Milton Simmons, died before full payment for the lot had been made. The balance of the $2,000 purchase price was paid in full to Mr. Simmons's widow July 28, 1969. Some delay was encountered in the delivery of the deed because of a claim placed against this estate by the owners of lot 78 (immediately adjacent to the subject lot), Mr. and Mrs. Brunelle. The deed was ultimately delivered and recorded June 12, 1972. This lot was later shown on the recorded plat as lot 79. Sometime in 1977 petitioners sought a variance from the Little Compton Zoning Board of Review in order to build a one-bedroom dwelling on the subject lot. This variance was sought after their application for a building permit filed January 17, 1977, had been rejected on February 10, 1977, by the building inspector. After a hearing, the board of review filed a succinct decision that reads as follows:

"Dear Mr. and Mrs. Zammarelli,

"This is to inform you that, at a recent meeting of the Little Compton Zoning Board of Review, your petition for a variance on property located in Indian Rock Acres, has been denied by a vote of 6–0."

This decision was remarkable for more than brevity, since at the time there were only five members of the zoning board of review in Little Compton. This vote disclosed that the alternate member of the board had participated and voted as well. On appeal a justice of the Superior Court remanded the case to the zoning board because of the inadequacy of the record, including the failure of the board to set forth any findings of fact and conclusions of law.

After the remand, a hearing took place on March 27, 1979, at which testimony was adduced on behalf of petitioners, including Mr. Zammarelli, who testified concerning the history of his purchase of the lot; Mrs. Grace A. Simmons, the widow of Milton Simmons, who testified concerning her conveyance; and a real estate expert, Mrs. Terry Holland, who testified that the proposed structure would not depreciate the surrounding property. Mrs. Holland further testified that there was no other use in this residentially zoned area to which this lot might be devoted. She further stated that substantially all of the homes in the area had been built on lots of approximately the same size. This evidence was neither impeached nor contradicted.

After hearing this testimony as well as some objections from owners of lots in the vicinity, the zoning board again issued a decision that is outstanding for both brevity and ambiguity. This decision reads as follows:

"Dear Mr. and Mrs. Zammarelli:

"This is to inform you that your petition to the Zoning Board of Review for a variance on your property located at Indian Rock Acres, Little Compton, R.I., has been denied by a vote of 5–0 for the following reasons:

"A non-conforming lot and abuttor's [sic] objections."

On appeal a justice of the Superior Court reviewed this decision and determined that

the zoning board was not in error in finding that this lot was governed by the zoning ordinance that had been adopted March 13, 1968. The justice further found that the lot was substandard [1] in size and that the board had not acted arbitrarily "in denying a setback variance."

■ We are unable to determine how the justice of the Superior Court could have reviewed this decision at all. We have said on a number of occasions that it is the obligation of a zoning board of review to decide cases before it so that the content of the decision meets minimal requirements. We observed in *May-Day Realty Corp. v. Board of Appeals of Pawtucket*, 107 R.I. 235, 239, 267 A.2d 400, 403 (1970):

"The issue here, however, is not the form, but the content of the decision; and what we must decide is whether the board members resolved the evidentiary conflicts, made the prerequisite factual determinations, and applied the proper legal principles. Those findings must, of course, be factual rather than conclusional, and the application of the legal principles must be something more than the recital of a litany. These are minimal requirements. Unless they are satisfied, a judicial review of a board's work is impossible. *Carter Corp. v. Zoning Board of Review*, 103 R.I. 515, 238 A.2d 745 [1968]; *Coderre v. Zoning Board of Review*, 102 R.I. 327, 230 A.2d 247 [1967]; *Hopf v. Zoning Board of Review*, 102 R.I. 275, 230 A.2d 420 [1967]."

This doctrine applies not only to zoning boards of review, but to any municipal board or agency. *Sambo's of Rhode Island, Inc. v. McCanna*, R.I., 431 A.2d 1192 (1981); *Eastern Scrap Services, Inc. v. Harty*, 115 R.I. 260, 341 A.2d 718 (1975).

Under no circumstances could the terse denial of petitioners' application, without findings of fact, application of legal principles, or indeed, any reasonably decipherable statement of the board's conclusion, meet the standards that we have previously laid down. This decision is in effect a nullity and could not form the basis for judicial review either by the Superior Court or by this court.

Under ordinary circumstances, we would remand this case to the Superior Court with directions to remand the papers to the Zoning Board of Review of Little Compton for a decision that would meet minimal requirements. We are mindful, however, that petitioners have been before the board twice and that on both occasions the board has apparently neglected or refused to meet such requirements. We are of the opinion that petitioners should not be deprived of the beneficial use of their property because of the persistent procedural default of the Little Compton Board of Review. *See Cheetham v. Cheetham*, 121 R.I. 337, 397 A.2d 1331 (1979).

■ We have examined the record in this case, including the testimony adduced at the hearing on March 27, 1979. We are of the opinion that the evidence overwhelmingly supports the granting of a special exception to petitioners in accordance with the Little Compton zoning ordinance Article II, § 2(D)—Area and Yard Exceptions, which reads as follows:

"(1) —*Where the area or yard regulations cannot reasonably be complied with or their application determined on parcels of land of peculiar shape, location or topography, such regulations may be modified as provided in Article IV, Section 2.*" (Emphasis added.)

The Little Compton zoning-ordinance provision for area and side-yard exceptions follows the general principles of the doctrine enunciated in *Viti v. Zoning Board of Review of Providence*, 92 R.I. 59, 166 A.2d 211

---

1. The term "non-conforming" is a word of art in zoning and indicates a use that preceded and is not subject to a later-adopted zoning ordinance. General Laws 1956 (1980 Reenactment) § 45–24–10; *see, e.g., Town of Coventry v. Glickman*, R.I., 429 A.2d 440 (1981). The trial justice seemed to construe the word "nonconforming" as intending to mean "substandard." A Superior Court justice should not be required to engage in speculation in order to determine the meaning of words used by a zoning board of review.

(1960), in which this court held that when a property owner is seeking relief from area and setback requirements for a use permitted by the ordinance, he need only demonstrate adverse impact amounting to more than a mere inconvenience. This doctrine was recently enunciated with approval in *DeStefano v. Zoning Board of Review of Warwick*, R.I., 405 A.2d 1167 (1979). In that case we pointed out that the *Viti* doctrine was not intended to operate in situations in which the requested relief can be obtained through a special-exception provision of the local zoning ordinance. In the case at bar, although the principles to be applied would be the same as those enunciated in *Viti*, the special-exception route should be followed in allowing area and setback requirements to be diminished upon a showing that the proposed structure would not have a detrimental effect upon surrounding property and that denial of such relief would have an adverse impact upon petitioners amounting to more than a mere inconvenience. The uncontradicted evidence in the case at bar clearly establishes that petitioners sustained their burden before the zoning board. Indeed, the justice of the Superior Court stated in his decision:

> "I will say, parenthetically, that I find this situation regrettable because I believe that this Petitioner has substantially the same amount of land available to him to build upon as do any of his neighbors whose rights to build on the land which was originally platted derived their validity from the 1954 recording prior to the time when the extrinsic requirement of today's zoning regulations were adopted. I personally think that the difficulty here is an individual argument between an existing owner of adjacent property and this Petitioner."

Although the petition before the zoning board was for a variance, we believe that the request for setback modification was amply demonstrated before the board and in its notice of advertising. We believe that it would be unjust to send these petitioners back to the zoning board of review for a third rerun of a petition for relief from area and side-lot requirements. We are of the opinion that in order to achieve a just result, the Gordian knot should be severed at this level.

For the reasons stated, the petition for certiorari is hereby granted, the judgment of the Superior Court is quashed, and the case is remanded to the Superior Court with directions to enter a judgment requiring the Little Compton Board of Review to grant a special exception to the petitioners reducing area and rear-lot requirements in order that they may obtain a building permit for the construction of their proposed dwelling upon obtaining appropriate permission from the Rhode Island Department of Public Health for the installation of sanitary facilities.

BEVILACQUA, C.J., and KELLEHER, WEISBERGER, MURRAY and SHEA, JJ., concur.