[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the Court on plaintiff's appeal of the January 31, 1990 decision of the Zoning Board of Review of East Providence (hereinafter Board) denying plaintiff's application for a sign variance. Jurisdiction in this Court is pursuant to R.I.G.L. 1956 (1988 Reenactment) Sec. 45-24-20.
The pertinent facts are as follows. The plaintiff, Village Park Partnership I, is the owner of a residential apartment complex entitled "Winchester Wood." Adjacent to this property is the Village Park Apartment Complex located directly off Pawtucket Avenue. The Village Park complex and the Winchester Wood complex are owned by the plaintiff but distinct in operation and management. There currently exists a sign at the southerly corner of Pawtucket Avenue and Village Green South in the City of East Providence which identifies the Winchester Wood Complex. (Parcel I, Block 4, Map 310, R-5 zone). This sign measures 3' x 3' (9 Sq. Ft.) in conformance with Sec. 19-441, Article VII of the Zoning Ordinance. Pursuant to Sections 19-38 and 19-40, the plaintiff sought relief from the pertinent section of the ordinance for the purpose of erecting a sign of 3' x 12' (36 sq. ft.). The plaintiff cites as its need for such relief its trouble renting the units due to the difficulty potential lessees and visitors have in identifying and/or locating the project.
At the hearing, the plaintiff presented the testimony of four expert witnesses who testified in favor of the application. These experts essentially concluded that the proposed sign would not diminish the value of surrounding properties and would enhance the identification and access to the complex, thus reducing driver confusion with no detrimental effect on traffic and pedestrian safety. Two residents and the Beautification Committee objected to the proposed sign as unnecessary.
After much discussion of the Board's concerns over the exact location and height of the proposed sign, the Chairman outlined the stipulations for the Board's granting of the variance: that the zoning officer and traffic engineer, along with the plaintiff, would agree on the location of the sign which could not exceed four feet from the top of the curbing. (Record at 25, 34, 35, 36). However, the 5 members of the Board concluded the meeting by voting to deny the variance three to two. Only the Chairman's negative vote was accompanied by the following reasoning:
 I just think that the petitioner was not prepared to bring this before us; I see no hardship other than financial; I think the sign possibly over with the other entrance to Village Green; I agree with Mr. Butterworth its quite a ways from the entrance to the other location; it would seem to me it would be much easier to go in the other way
The standard of review that this Court must apply when reviewing the decision of the East Providence Zoning Board of Appeals is as follows:
 45-24-20. Appeals to Superior Court
 (d) The court shall not substitute its judgment for that of the zoning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are: (1) in violation of constitutional, statutory or ordinance provisions; (2) in excess of the authority granted to the zoning board by statute or ordinance; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
In its review of the Board's decision pursuant to R.I.G.L. Sec.45-24-20(d), this Court has several options after examining the whole record to determine whether the Board has made findings of fact which are supported by substantial evidence. Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion, and means an amount more than a scintilla but less than a preponderance. Caswell v. George Sherman Sand and GravelCo., Inc., 424 A.2d 646, 647 (R.I. 1981); Apostolou v.Genovesi, 120 R.I. 501, 388 A.2d 821, 824-825 (1978).
The relief sought by the plaintiff does not require the granting of a true variance which would allow a land owner to utilize his property for purposes and uses not permitted under the zoning ordinance. Gara Realty, Inc. v. Zoning Board ofReview of the Town of South Kingstown, 523 A.2d 855 (R.I. 1978). Instead, the plaintiff is seeking a deviation from the dimensional regulation of an otherwise permitted use. In order to obtain such relief it need only demonstrate an adverse impact amounting to more than a mere inconvenience. Felicio v. Fleury,557 A.2d 480, 482 (R.I. 1989); Viti v. Zoning Board of Review ofProvidence, 92 R.I. 59 (1960). After reviewing the record certified to this Court on appeal, it is impossible to determine what evidence, if any, the Board relied upon in arriving at its decision. The transcript reveals that at certain points in the hearing the Board was willing to endorse plaintiff's position with accompanying stipulations. However, when the vote was taken, the Board denied the variance without setting forth any rationale. The Board clearly failed to make any findings of fact to support its decision. This Court has repeatedly stated that a municipal board must set forth findings of fact and reasons for the action taken. Irish Partnership v. Rommel, 518 A.2d 356, 358 (R.I. 1986); Zammarelli v. Beattie, 459 A.2d 951, 953 (R.I. 1983). In Zammarelli the court reaffirmed its adherence to the often-stated principle quoted from May-Day Realty Corp. v. Boardof Appeals of Pawtucket, 107 R.I. 911, 267 A.2d 400 (1970) in holding:
 The issue here, however, is not one of form, but the content of the decision; and what we must decide is whether the board members resolved the evidentiary conflicts, made the prerequisite factual determinations, and applied the proper legal principles. Those findings must, of course, be factual rather than conclusional, and the application of the legal principles must be something more than the recital of a litany. These are minimal requirements. Unless they are satisfied, a judicial review of a board's work is impossible. Id. at 403.
When a Board fails to state findings of fact, the court will not search the record for supporting evidence or decide for itself what is proper. Hooper v. Goldstein, 104 R.I. 724,241 A.2d 809, 815 (1968).
For all of the reasons set forth above, this Court remands this matter to the Zoning Board of Review of the City of East Providence for further proceedings consistent with this decision.