[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the Court on the appeal of the plaintiffs to a decision by the Cranston Zoning Board of Review approving an application for permission "to construct two buildings — one to be used as a transfer station and recycling facility and the other as an office building, 2112 Plainfield Pike, Plat 35, Lot #17. This property is zoned M-2 and will have an area of 850,582.1 square feet ±."
The application was granted with restrictions:
 1. per a letter from the State Division of Air and Hazardous Materials.
 2. per a letter from the Cranston Department of Public Works, and
 3. to provisions in the survey done by Lunar Mapping, Ltd. This prior language, in quotations, appeared in the official decision.
At the hearing level, upon motion, the permit was granted in the following language:
 "In this case, the Board feels that granting a permit will not prove detrimental to the neighborhood. Applicant met the requirements of the Zoning Code Sec. 30-49 (m,n,o,p). [Subject to the same 3 restrictions as above]
The plaintiffs herein, John M. DiRaffaele, and Antonio Pedrosco III, operate a business, TJ Realty, Inc. at 2129 Plainfield Pike, Johnston, Rhode Island which is almost directly opposite the applicants' property at 2112 Plainfield Pike, Cranston, Rhode Island and well within the 400 foot radius for notice purposes. Plainfield Pike in this area is the dividing line between Cranston and Johnston.
The hearing record reflects that the plaintiffs were notified of the hearing but did not participate therein. As a matter of fact there were no objectors to the application. The Planning Commission of the City of Cranston, by letter dated August 6, 1991 approved of the proposed use. The Cranston Department of Public Works in a letter to the Rhode Island Department of Environmental Management had no object to the proposed, subject to certain restrictions which were included in the "permit". The State Division of Air and Hazardous Materials also approved the use, again with restrictions which were incorporated into the permit.
It must be indicated that Green Hill Road which leads to the Central Landfill in Johnston is approximately 400 to 600 feet from the subject property and the clear evidence from the record is that almost all disposal trucks use Green Hill Road to get to the Landfill and must pass on Plainfield Pike to get to Green Hill Road.
Other than photographs, the letters referred to earlier, plot maps and the Lunar Mapping, Ltd. documentation, the only other evidence presented was the testimony of Richard J. Macera and J. Clifton O'Reilly, a real estate consultant.
It must be noted that the defendants in their brief (p. 2) refer to the plaintiffs as, ". . . owners . . . of a refuse collection business known as TJ Container Service and are in fact competitors of Macera Bros. of Cranston, Inc. in the refuse collection business." While the fact that plaintiffs are competitors of the applicants does not appear directly in the hearing record, this Court in accordance with Article II Judicial Notice of the Rhode Island Rules of Evidence, specifically Rule 201(b) kind of Facts:
 "A judicially noticed fact must be one not subject to reasonable dispute in that it is either . . . or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."
The NYNEX pages of the Providence Vicinity Telephone Book (92-93) which includes Johnston and Cranston lists TJ Container Systems at the 2129 Plainfield Pike, Johnston address, (White Pages — business listings, p. 184) as well as in the Yellow Pages under Rubbish. Garbage Removal (p. 774 — with display ad at p. 770).
Considering this factor in the equation and that the plaintiffs presented no evidence and did not object at the hearings, plaintiffs opposition at this point appears to be an attack by ambush.
The Court would normally have a fully litigated matter before it had the plaintiffs participated in the hearing. The issues would have been defined and refined. Any nonsignificant facts would have been flushed out and the participants, including the Board, would have been more detailed and precise in the factual findings and conclusions reached.
Accepting the plaintiffs' arguments "that an application for an exception or a variance is to be treated as one for a variance only, when the application fails to specify the provisions of the ordinance, if any, under which the exception sought is to be granted and there is no evidence elsewhere in the record to show that a claim for a specific exception is being made", Vartian v.Terino, 98 R.I. 450, 204 A.2d 428 (1964), nevertheless because of lack of a contested hearing, the Court is left to look at the record to ascertain if there is substantial evidence to uphold the decision.
In a contested hearing if there had been raised a question as to the relief sought, or the procedure to follow, amendments to the application or changes in procedure which would not have prejudiced either party would most likely have been granted.
Inasmuch as the Board did not make appropriate findings of fact, and because the matter came up on appeal on a non-contested hearing, the matter is remanded to the Board of Review for the taking of additional evidence from either party and for a detailed determination by the Board of its findings and decision.