[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before this Court is an appeal from a decision of the Zoning Board of Review for the City of Pawtucket (hereinafter "Board"). Henry and Gail Breit (hereinafter "plaintiffs") seek a reversal of the Board's February 16, 1993 decision which allowed defendant Roger Messier to construct an addition onto his existing insurance company. Jurisdiction in this Court is pursuant to G.L. 1956 (1991 Reenactment) Sec. 45-24-20.
Plaintiffs are Massachusetts residents and are owners and landlords of a two-family dwelling located at 96 Calder Street, Pawtucket, Rhode Island which abuts defendant Messier's property. The defendant Messier's property is described as assessor's plat 12, lots 2, 3, 4 and 24. Lots 2, 3 and 24 are located in an area zoned Commercial General. Lot 4 is located in an RT residential zone.
Messier owns and operates an insurance company, the building of which is located on lots 3 and 4. Messier filed an application for zoning relief to expand the legal nonconforming use of his property. The requested relief is to construct a 30 x 50 foot addition to the existing structure which would be located on a lot contiguous to plaintiff's lot, both of which are zoned for residential use. On August 25, 1992 at a hearing on defendant Messier's application Messier testified that he needed the addition because his insurance business has grown and has merged with another company. A real estate expert, Anthony Varone, testified that the proposed addition would not affect the surrounding property values. Joan Bastow, testified in opposition to the grant of relief and argued that the Board should "follow to the letter the zoning ordinances." Plaintiffs did not attend the hearing but submitted an affidavit in opposition to the requested relief expressing concern that building the addition would result in increased traffic and parking problems.
The requested relief was denied by a five member Board on September 2, 1992. Three members of the Board voted to allow the requested relief and found that property values in the surrounding neighborhood would not be affected. The two members of the Board who voted to deny the application found that the new addition could be built elsewhere on defendant's property, particularly on those lots which are zoned for commercial use.
Messier appealed the Board's decision to this Court. The basis of the appeal was that the composition of the Voting Board differed from that of the Board present at the hearing. One of the voting members was not present at the August 25, 1992 hearing. The Superior Court remanded the case and ordered the five members who were present at the hearing to vote on the application.
On February 16, 1993, the Board which heard the application voted to allow zoning relief. In this decision, the Board incorporated the findings of fact rendered in the earlier decision. The Board placed conditions on the grant of relief which are not at issue in this appeal.
Plaintiffs appeal the Board's February 16, 1993 decision. They allege that the Board's decision was in violation of constitutional, statutory and/or ordinance provisions, in excess of authority, made upon unlawful procedure, affected by other error of law, erroneous in light of the evidence and an abuse of discretion. Both Messier and the Board were named as defendants.
Superior Court review of a zoning appeal is controlled by G.L. 1956 (1991 Reenactment) Sec. 45-24-20(d) which provides:
 Sec. 45-24-20 Appeals to Superior Court
 (d) The court shall not substitute its judgment for that of the zoning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are: (1) in violation of constitutional, statutory or ordinance provisions; (2) in excess of the authority granted to the zoning board by statute or ordinance; (3) made upon unlawful procedure; (4) affected by other error of law: (5) clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
Accordingly, when reviewing an agency decision, the Court must not substitute its judgment for that of the agency with respect to the credibility of witnesses or the weight of the evidence. Costa v. Registry of Motor Vehicles, 543 A.2d 1307, 1309 (R.I. 1988). The Court is limited to a determination of whether there is any legally competent evidence to support the decision. Barrington School Committee v. Rhode Island LaborRelations Board, 608 A.2d 1126, 1138 (R.I. 1992). Legally competent evidence is indicated by the presence of some or any evidence supporting the agency's finding. Sartor v. CoastalResources Management Council, 542 A.2d 1077, 1082 (R.I. 1988). However, the Court may vacate the agency's decision if it is clearly erroneous in view of the reliable, probative, and substantial evidence contained in the whole record. Milardo v.Coastal Resources Management Council, 434 A.2d 266, 270 (R.I. 1981).
Defendant argues that the plaintiff lacks standing to appeal the decision of the Board. Section 45-24-20 provides that "an aggrieved party may appeal a decision of the zoning board of review to the superior court. . .". G.L. 1956 (1991 Reenactment Sec. 45-24-31(4) defines an aggrieved party as "(a) Any person or persons . . . who can demonstrate that their property will be injured by a decision of any officer or agency responsible for administering the zoning ordinance of a city or town; or (b) Anyone requiring notice pursuant to this chapter." Plaintiff certainly qualifies as an aggrieved party, for the proposed extension would be only nine feet and three inches from plaintiffs' property line.
Plaintiffs argue that the Board's decision to grant Messier a variance was erroneous because Messier is not entitled to expand or enlarge the nonconforming use which exists on lot 4. Plaintiffs point out that that form of relief requested by Messier was for a use variance and that Messier failed to meet the criteria to be entitled to the variance.
Section 31-28 of Article V. of the Pawtucket Ordinance defines legal nonconformities as "nonconformities which were lawful before this chapter was adopted or later amended, but which would be prohibited, regulated, or restricted under the terms of this chapter or its later amendments." A legal nonconforming use of land is a "prior lawfully existing use of land not conforming to the use regulations in effect for the zone involved." The parties agree that Messier's property qualifies as a legal nonconforming use. A request for relief to expand a nonconforming use is properly characterized as a request for a use variance. Town of Glocester v. Olivo's Mobile Home Court,Inc., 111 R.I. 120, 300 A.2d 465 (1973).
An applicant applies for a "use" or "true" variance when he proposes a use of the property which varies from any uses permitted under the ordinance. Rozes v. Smith, 120 R.I. 515, 519, 318 A.2d 816 (1978). As required by the Rhode Island Zoning Enabling Act and the Pawtucket Ordinance, in order to grant a use variance, the zoning board must have before it evidence that:
 Sec. 45-24-41 (C)
 (1) The hardship from which the applicant seeks relief is due to the unique characteristics of the subject land or structure and not to the general characteristics of the surrounding area; and is not due to a physical or economic disability of the applicant;
 (2) That the hardship is not the result of any prior action of the applicant and does not result primarily from the desire of the applicant to realize greater financial gain;
 (3) That the granting of the requested variance will not alter the general character of the surrounding area or impair the intent or purpose of the zoning ordinance. . .;
 (4) That the relief to be granted is the least relief necessary.
Evidence must also show that the "subject land or structure cannot yield any beneficial use if it is required to conform to the provisions of the zoning ordinance." Rozes (supra). See also Sec.
Section 31-29 of the Pawtucket Zoning Ordinance sets forth the intent of the Article V. entitled "Prior Lawfully Existing Nonconformities." This section provides that:
 "It is the intent of this article to permit such prior lawfully existing nonconformities to continue until they are removed, but not to encourage or promote the permanent survival of such nonconformities. . . . Except as provided in Section 31-34 [which allows and regulates the expansion of industrial uses], it is the intent of this chapter that such nonconformities not be enlarged upon, expanded, or extended. . . It is further the intent of this chapter that prior lawfully existing nonconformities shall not be used as grounds for adding other structures or uses prohibited elsewhere in the same zone."
It is clear that the Pawtucket Zoning Ordinance discourages the the expansion and enlargement of nonconformities. Through Sec. 31-31, Pawtucket allows a nonconforming use to continue as long as it is not enlarged, increased, or extended to occupy a greater area of land than was occupied on October 21, 1966 or the effective date of any amendment of this chapter. In Section 31-32 entitled "Nonconforming structures", the ordinance provides that a structure which could not be built under the general regulations cannot be enlarged or altered in a way to increase the nonconformity, except as allowed by 31-34. Finally, Section 31-33 entitled "Nonconforming uses of structures and premises" similarly prohibits enlargement and alteration.
Plaintiff also argues that defendant Messier failed to meet his hardship burden. In order to demonstrate the hardship required to be entitled to a "use variance" the applicant must prove that without the variance he will be deprived of any beneficial use of the property. Rozes, (supra).
To meet the hardship burden, all beneficial use must be lost (emphasis added). R.I. Hospital Trust National Bank v. ZoningBoard of East Providence, 444 A.2d 862 (R.I. 1982). Substantial deprivation of use is not sufficient. Gara Realty, Inc. v. ZoningBd. of Review of South Kingston, 523 A.2d 855 (R.I. 1987). The applicant must demonstrate that the application of the ordinance to his situation is tantamount to an indirect confiscation of property. R.I. Hospital Trust National Bank, (supra). So long as the landowner obtains some benefit from the property, the landowner does not meet his burden. OK Properties v. Zoning Boardof Review of Warwick, 601 A.2d 953 (R.I. 1992).
In determining whether the hardship burden has been met, the nonconforming uses of neighboring properties may not be considered, nor shall the fact that a use may be more profitable or valuable after the relief is granted. Rhode Island HospitalTrust National Bank, (supra). It is clear from the record that Messier failed to demonstrate that without the variance he would be deprived of all beneficial use of the property and that the requested relief was the least relief necessary. The September 1992 decision, which was incorporated into the February 1993 decision indicates that the structure could have been expanded elsewhere onto a lot zoned commercial and owned by defendant Messier.
Messier argues that the Board properly granted the requested relief maintaining that the application before the Board was that for a variance, but that under these circumstances the applicant was not required to demonstrate the strict requirements for a use variance citing relaxed requirements set forth in the ordinance to be applied to this factual situation. Defendant claims that 31-33(c) of the Pawtucket Zoning Ordinance sets forth the standard that he must meet which is similar to that required for a special exception.
Section 31-33(c) provides:
 "(c) No nonconforming use may be changed to any other nonconforming use except by variance granted by the board of appeals upon a finding that:
 (1) The proposed use will not be detrimental to the public health, safety and welfare of the area; and
 (2) The appropriate use of neighboring property would not be substantially or permanently injured.
In support of his position, defendant relies on the case ofHealth Havens, Inc. vs. Zoning Board of Review of the City ofEast Providence, 101 R.I. 258, 221 A.2d 794 (1966). In HealthHavens, plaintiff requested relief from the zoning board to expand a legal nonconforming use by way of a special exception.Id. The East Providence Zoning Ordinance Sec. 32-20(3) allows for a special exception to expand a nonconforming use when "the public convenience and welfare will be substantially served and the appropriate use of neighboring property will not be substantially or permanently injured." Id. at p. 264. Defendant Messier's reliance on this case is misplaced. Defendant argues that the ordinances are similar, however 31-33(c) of the ordinance addresses a change of one nonconforming use to a wholly different nonconforming use, it does not address expansion and enlargement. The applicable ordinances are 31-29, 31-31, and 31-33.
It is clear from defendant Messier's application that he requested and expected the Board to treat the application as one for a variance and not for a special exception. In fact, where an application is entitled "A request for exception or variance", the Rhode Island Supreme Court has held that such "is to be treated as one for a variance only, when the application fails to specify the provision of the ordinance, if any, under which the exception sought is to be granted and there is no evidence elsewhere in the record to show that a claim for a special exception is being made. Vican v. Zoning Board of Review of theCity of Providence, 103 R.I. 429, 432, 238 A.2d 365, 368 (1968), (quoting Varitan v. Zoning Board of Review, 98 R.I. 450, 452,204 A.2d 428, 430 (1964)).
After a review of the record, this Court finds that there is no evidence in the record from which the Board could have found that defendant Messier was deprived of all beneficial use of his property. Absent a finding of unnecessary hardship, the Board is without authority to grant a variance on the facts of this case. For the foregoing reasons, this Court finds, after a review of the whole record, that the decision of the Board was not supported by the evidence. Accordingly, the decision of the Zoning Board is reversed.
Counsel shall prepare an appropriate order for entry which is in accordance with this decision.