MAY-DAY REALTY CORP. *vs.* BOARD OF APPEALS OF THE CITY OF PAWTUCKET.

APRIL 19, 1961.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

PAOLINO, J. This is a petition for a writ of certiorari to review the decision of the zoning board of review of the

city of Pawtucket denying the petitioner's application for an exception to or a variance from the zoning ordinance of that city for permission to erect in a residence A district two ten-family apartment houses on land owned by the petitioner. Pursuant to the writ the pertinent records have been certified to this court.

It appears therefrom that the land in question is a tract of vacant land containing in excess of 58,000 square feet and described as lot numbered 852 on assessors' plat No. 66. It is somewhat rectangular in shape, with a frontage of 129.55 feet on Alfred Stone Road and 119 feet on Ridge street, having a depth of 457.42 feet on one side and 477.64 on the other. Under the zoning ordinance a residence A district is the highest class zone. Although a greenhouse and part of Swan Point Cemetery are located in the immediate vicinity of petitioner's land, the character of the neighborhood is essentially residential, the houses therein consisting for the most part of one-family dwellings.

The petitioner, as we have already stated, desires to use its land for the erection of two apartment houses, one facing Alfred Stone Road and the other facing Ridge street. The plans indicate that the proposed structures would consist of U-shaped buildings and that parking areas would be provided. An apartment house is not a permitted use in a residence A district under the pertinent zoning ordinance. The petitioner, therefore, filed the instant application for an exception under sec. 26.18(8) (a) and (b) of the ordinance or a variance under G. L. 1956, §45-24-19c.

After a hearing the board entered a written decision denying the application. It expressly found that the proposed use would not be in harmony with the character of the neighborhood nor appropriate to the uses permitted in said district and that the property in question was suitable for the uses for which it was zoned.

The petitioner contends that in denying it a variance, the board was arbitrary and abused its discretion. It ar-

gues that the evidence clearly shows that because of the peculiarly long and narrow shape of the land in question it is suitable for no purpose other than the proposed apartment buildings, and that consequently a literal enforcement of the ordinance would deprive it of all beneficial use of its land or of a substantial portion thereof.

We do not agree with such contention. There is a conflict in the evidence on the question whether it would be feasible to subdivide petitioner's land into a number of smaller lots for the uses permitted in said district. There is also conflicting evidence on the question whether the cost of doing this would be prohibitive or whether such smaller lots would be saleable. The board made a finding that petitioner's land was suitable for the uses for which it was zoned. This finding is supported by the evidence. It is not for this court to weigh such evidence. It is well settled that if there is some evidence to support the board's findings, we will not disturb them. *Laudati* v. *Zoning Board of Review,* 91 R. I. 116, 123; 161 A.2d 198, 202.

Necessarily implicit in the board's finding that the land is suitable for the uses for which it is zoned is a further finding that the ordinance does not deprive petitioner of all beneficial use of its land and that a literal enforcement of the ordinance would not cause petitioner unnecessary hardship. We are satisfied that the board's decision, brief as it is, shows that the board gave weight to the testimony of those who testified on behalf of the remonstrants. See *Assembly of God Church* v. *Zoning Board of Review,* 91 R. I. 259, 264; 162 A.2d 554, 556.

We come now to petitioner's contention that the board was arbitrary and abused its discretion when it denied petitioner's request for a special exception under the provisions of sec. 26.18(8) (a) and (b) of the zoning ordinance. Under these provisions the board may "determine and vary the application of the regulations established in harmony with their general purposes and intent" and "(8) Approve

in any district an application for any use or building which the board of review finds: (a) To be in harmony with the character of the neighborhood appropriate to the use or buildings permitted in such district, and possessive of a reasonable tendency towards promoting the public convenience, the public welfare or the public health; (b) Where such use or building is reasonably necessary for the convenience or welfare of the public * * *."

After carefully examining the record we have found no evidence tending to show that the proposed use in this particular area is reasonably necessary for the public convenience. See *Lowry* v. *Zoning Board of Review,* 90 R. I. 350, 355; 158 A.2d 150, 153. On the other hand there is a conflict on the question whether the proposed use would be in harmony with the character of the neighborhood or appropriate to the uses permitted in said district. The board's findings that the proposed use would not be in harmony with the character of the neighborhood nor appropriate to the uses permitted in said district are supported by competent evidence and therefore are not arbitrary. Having made such findings, the board's decision denying the special exception is therefore not an abuse of discretion. See *Hazen* v. *Zoning Board of Review,* 90 R. I. 108, 155 A.2d 333.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records in the case which have been certified to this court are ordered sent back to the respondent board.

*Corcoran, Foley & Flynn, Francis R. Foley,* for petitioner.

*John A. O'Neill,* City Solicitor, for respondent Board of Appeals.

*Melvin L. Zurier,* for remonstrants.