250 A.2d 520.

ALBERT COLELLO *et al. vs.* ZONING BOARD OF REVIEW OF THE CITY OF CRANSTON.

FEBRUARY 27, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. This is a petition for certiorari to review a decision of the city of Cranston's zoning board of review granting an applicant permission for the erection of two two-family duplex units on adjoining 6,000 square-foot-tracts of vacant land located in an A-6 residential district.

Other than for the power to grant variances, the source of which is in the enabling legislation, a zoning board has only the powers conferred upon it by the local legislature. It can exercise no other. *Melucci* v. *Zoning Board of Review*, 101 R. I. 649, 226 A.2d 416; *Thomson Methodist Church* v. *Zoning Board of Review*, 99 R. I. 675, 210 A.2d 138; *Fitzgerald* v. *Board of Review*, 99 R. I. 221, 206 A.2d 635.

In Cranston the zoning ordinances specifically enumerate as to each district into which the city is divided those uses which are permitted, those which the zoning board by special permit[1] may authorize, and those which are prohibited. In addition, the zoning board may in appropriate cases and subject to the standards prescribed by the ordinance make special exceptions to its terms in the following cases: to permit minor irregularities in the alignment of buildings; to permit a building or use to extend no more than 50 feet into an adjacent more restricted district; to authorize the change of a nonconforming use to one no more harmful or objectionable; and in residential districts and for residential use in all other districts to reduce the area restrictions by no more than 10 percent.

A two-family dwelling house such as is proposed here is prohibited in an A-6 district. Since no power is conferred upon the zoning board to waive that prohibition either by special permit or by exception, it lacked the authority un-

[1]In *McNalley* v. *Zoning Board of Review*, 102 R. I. 417, 230 A.2d 880, we questioned the authority of a local legislature to confer jurisdiction upon a zoning board to grant a special use permit.

der the ordinance to permit a use which the local legislature had specifically forbidden.

While the board could have proceeded under the enabling legislation on variance grounds, its decision does not treat the application as if it were for a variance, and, even if it had, there is not even a hint in the record of the kind of showing which was required to sustain a grant on those grounds.

The petition for certiorari is granted, and the decision of the respondent board of review is quashed.

*Joel Robinson,* for petitioners.

*Jeremiah S. Jeremiah, Jr.,* City Solicitor, for respondent.