267 A.2d 400.

MAY-DAY REALTY CORPORATION *vs.* BOARD OF APPEALS OF THE CITY OF PAWTUCKET.

JUNE 11, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. This is a petition for a writ of certiorari to review a decision of the Zoning Board of Review of the City of Pawtucket denying the application of May-Day Realty Corporation for an exception or a variance from the zoning ordinance of that city to permit the construc-

tion of a 100-unit apartment building on land owned by May-Day and located in an RS district. The writ issued, and the pertinent records have been certified.

■ At the outset we reject the argument of remonstrants that the board lacked jurisdiction to act on this application because more than ten years ago it denied May-Day permission[1] to construct apartment buildings on one of the two lots affected by this application. That argument depends for its validity upon the principle of administrative finality which in the zoning field bars successive applications for substantially similar relief unless a substantial or material change of circumstances has occurred in the interval between the two proceedings. *Gilman* v. *Zoning Board of Review,* 103 R. I. 612, 240 A.2d 159; *Marks* v. *Zoning Board of Review,* 98 R. I. 405, 203 A.2d 761. While the rule is sound, it is operative only if the relief sought in each case is substantially similar. In the earlier case May-Day applied for a permit to erect two ten-family apartment houses on one of the two lots here involved; now it desires to construct a single apartment building containing 100 units with underground parking for 125 automobiles. Obviously, the two are so dissimilar that the doctrine of administrative finality is inapplicable.

■ The question of petitioner's entitlement to an exception requires but little discussion. In Pawtucket the zoning ordinance enumerates with respect to the several districts into which the city is divided those uses which are permitted, those which may be authorized by a grant of a special exception, and those which are prohibited. Because an apartment house of the type proposed is a prohibited use in an RS district, the board poperly concluded that it lacked jurisdiction under the ordinance to grant a special exception for its construction. *Colello* v. *Zoning Board of*

---

[1]That decision was later affirmed by this court in *May-Day Realty Corp.* v. *Board of Appeals,* 92 R. I. 442, 169 A.2d 607.

*Review,* 105 R. I. 195, 196, 250 A.2d 520, 521. May-Day, while conceding that the board was powerless to act under the ordinance, argues nonetheless that it could have acted under an alternative source of power which it purports to find in G. L. 1956, §45-24-13 of the enabling legislation.[2] That enactment, in petitioner's view, accomplishes a two-fold purpose. It obliges local legislatures to authorize zoning boards in specified situations to make special exceptions to the terms of the ordinance, and at the same time it vests a zoning board with direct authority to grant an exception whenever the use applied for is reasonably necessary for the convenience or welfare of the public. It is to the latter source that May-Day adverts when it argues that the board could have acted notwithstanding the circumscribing provisions of the ordinance. That argument relies solely upon *Baker* v. *Zoning Board of Review,* 82 R. I. 432, 111 A.2d 353. That case, however, was decided under special enabling legislation; it is limited to its own facts; it is inapposite to cases like this which arise under the general enabling legislation. *Rafanelli* v. *Zoning Board of Review,* 103 R. I. 208, 210, 236 A.2d 262, 263.

Finally, there is the question of whether or not relief should have been granted on variance grounds. Customarily zoning boards incorporate their factual determinations and the legal principles upon which they rely in a written decision, which under our rules should be so pre-

---

[2]Section 45-24-13 reads:

"The city council of any city or the town council of any town shall provide for the selection and organization of a board of review, and in the regulations and restrictions adopted pursuant to the authority of this chapter shall provide that said board of review may, in appropriate cases and subject to appropriate conditions and safeguards, make special exceptions to the terms of the ordinance in harmony with its general purpose and intent and in accordance with general or specific rules therein contained, or where such exception is reasonably necessary for the convenience or welfare of the public."

pared as to give the parties, the public and a reviewing court a clear understanding of the factual as well as the legal basis for the ultimate judgment. Here, the decision is not in writing, but instead, consists of a stenographic transcription of the comments of each board member with respect to the variance issue together with a recordation of their vote[3] on whether or not the permission applied for should be granted.

While we do not necessarily fault the board's substitution of a stenographically transcribed post-hearing commentary for a comprehensive written decision, we certainly neither recommend nor encourage the practice. The pitfalls are obvious, and the extemporaneous remarks of the board members in this case make this abundantly evident. The issue here, however, is not the form, but the content of the decision; and what we must decide is whether the board members resolved the evidentiary conflicts, made the prerequisite factual determinations, and applied the proper legal principles. Those findings must, of course, be factual rather than conclusional, and the application of the legal principles must be something more than the recital of a litany. These are minimal requirements. Unless they are satisfied, a judicial review of a board's work is impossible. *Carter Corp.* v. *Zoning Board of Review*, 103 R. I. 515, 238 A.2d 745; *Coderre* v. *Zoning Board of Review*, 102 R. I. 327, 230 A.2d 247; *Hopf* v. *Zoning Board of Review*, 102 R. I. 275, 230 A.2d 420.

Even a cursory reading of what the board members had

---

[3]The legislation controlling zoning board votes, G. L. 1956, §45-24-19, requires the concurring vote of at least four board members to effect a variation in the application of a zoning ordinance, and for that reason this application was denied, even though three members voted in favor of granting relief and only two opposed.

to say in this case discloses that the required standards[4] were not satisfied. One of the members who voted in opposition, for example, relied solely on the absence of undue hardship, but he in no way related the conflicting evidence on that issue to his legal conclusion that a literal application of the ordinance would deprive May-Day of all the beneficial use of its land. Another member decided against permission primarily on the ground that the proposed apartment house would not "upgrade" the neighborhood. Irrespective of the doubtful validity of the ground upon which he relied, he too neglected to tie his conclusion to any evidentiary matter.

The infirmities and deficiencies of the decision make judicial review impossible, and in the circumstances a remand for clarification and for completion, even though time consuming as well as costly, seems appropriate. The resulting disservice to the parties and to the public prompts us once again to advise zoning boards that it is common practice for administrative bodies to request counsel to submit proposed findings of fact and conclusions of law and to seek the assistance of their legal advisers in the decision-writing process.

The petition for certiorari is granted. The records which have been certified to us are remanded to the respondent board with direction that they clarify and complete their decision in accordance with this opinion. Jurisdiction is

---

[4]Entitlement to a variance depends, of course, upon a showing that to insist upon a literal application of the ordinance will deprive the owner of all beneficial use of his property and that the use proposed will not be contrary to the public interest. *Smith* v. *Zoning Board of Review,* 104 R. I. 1, 241 A.2d 288. An applicant can meet the contrary-to-public-interest precondition by showing that the contemplated use will not unduly and markedly conflict with the ordinance provisions, that it will not violate basic zoning objectives, and that it will not alter the essential character of the locality where it is planned to be situated. *Coderre* v. *Zoning Board of Review,* 105 R. I. 266, 251 A.2d 397.

retained in this court to review any decision that may be subsequently entered, and it may be invoked by either party within 30 days after the filing of a new decision in the office of the board.

*Francis R. Foley,* for petitioner.

*Victor J. Beretta,* City Solicitor, *J. Ronald Fishbein,* for respondent.