[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This civil action is a claim of judicial review of a decision of the Zoning Board of Review of the Town of Smithfield (hereinafter "the Review Board") sitting as a Platting Board of Review under G.L. 1956 (1991 Reenactment) § 45-23-14, issued on July 10, 1991, and filed on December 6, 1991. This Court has jurisdiction under § 45-23-20 to review the record before the Review Board to determine if there is any competent evidence upon which the Review Board's decision rests. E. Grossman Sons v.Rocha, 118 R.I. 276, 373 A.2d 496 (1977). The Court, however, is not bound to accept the Review Board's holdings on questions of law. Carmody v. Rhode Island Conflict of Interest Commission,509 A.2d 453, 458 (R.I. 1986); Narragansett Wire Co. v.Norberg, 118 R.I. 596, 607, 376 A.2d 1, 6 (1977). Action was commenced in this Court on December 19, 1991; the record was certified to the Court on April 21, 1992; briefing was completed on October 2, 1992; and the case was referred to this Justice for decision on November 25, 1992.
The Review Board reversed a decision of the Planning Board of the Town of Smithfield (hereinafter "the Planning Board"), which it made at its meeting on June 3, 1991, to approve a sub-division of the plaintiffs' land, known as the "Air Park Land Industrial Project," as presented subject to certain conditions and limitations. The application to sub-divide this land had followed a tortuous course prior to its ultimate denial by the Review Board. The original presentation to the Planning Board was a "revised pre-application plan" on November 3, 1986. The pre-preliminary plan was accepted and the plaintiffs were permitted to continue to the preliminary stage. The next appearance of the plaintiffs before the Planning Board, according to the record, occurred at a meeting on May 2, 1988. At that time the plaintiffs requested that a new plan be accepted in place of the approved plan. The Planning Board voted to review the new plan at its next meeting at which time it would also consider the plaintiffs' request to be relieved from new filing fees. The new plan, however, was not considered by the Planning Board until its meeting on January 9, 1989, at which time it voted to approve the revised Pre-application plan with changes as noted. An extended public hearing on the plaintiffs' final application was held by the Planning Board on May 6, 1991, at the conclusion of which the matter was placed on the Board's June 3, 1991 agenda. At that meeting the Planning Board voted to approve the sub-division plan.
Certain objectors, who are joined as defendants in this case, claimed a timely appeal to the Board of Review. The appeal was heard on July 10, 1991. The Board of Review considered only the record before the Planning Board and the arguments of counsel. The objectors made three arguments to the Board of Review: First, the plaintiffs' proposed use of their land violated the Town Zoning Ordinance. Second, the pending pre-application had lapsed by the passage of more than two years between January 9, 1989 and June 3, 1991. Third, there was no evidence of approval of the proposed sewer system. The Board of Review rejected the last two points, but upheld the first and reversed the Planning Board decision.
The Board of Review also concluded that abutters were somehow denied an opportunity to be heard during the Planning Board's review of this application. Neither the Review Board nor the objectors argue in this Court that any interested party was denied an opportunity to be heard on the plaintiffs' application. The plaintiffs point out, without contradiction that all public and special notice provisions of the general laws and the sub-division regulations of the town were fully complied with. There is no suggestion that the Planning Board did not faithfully observe and keep all the requirements of the Open Meetings Law (G.L. 1956 (1988 Reenactment) §§ 42-46-1 et seq.). The Review Board's gratuitous finding not urged by any party before it clouds its impartiality. In any event, provisions like § 45-23-42
in the new Development Review Act of 1992 (G.L. §§ 45-23-25
through 45-23-74, as enacted by P.L. 1992, ch. 384, § 1) should meet any future concerns of the Review Board.
In this appeal the parties assume that the Planning Board may not approve a sub-division plat unless the proposed use of the land in the platted development complies with pertinent zoning classifications. The plaintiffs contend that the industrial uses they propose for their plat conform to the zoning classification in effect on November 3, 1986, when the Planning Board approved their "pre-preliminary" plan. On May 7, 1987 as part of a comprehensive re-zoning the plaintiffs' land was re-zoned from an industrial classification to a residential one. The zoning ordinance did contain a savings provision which the parties agree reads as follows:
 "In addition, nothing in this Ordinance shall be deemed to require a change in the lawful plans, construction or designated use of any building or land which has been approved by the Zoning Board or has been granted pre-application approval by the Planning Board prior to the effective date of adoption of amendment of this ordinance." (Emphasis supplied.)
Accordingly, the plaintiffs argue that the approval of their pre-application plan on November 3, 1986 by the Planning Board has saved the designated use of their land.
The defendants counter by arguing that the sub-division plan approved by the Planning Board on June 3, 1991 was substantially and materially different from the pre-application plan approved on November 3, 1986, and, as a consequence, the plaintiffs have lost the benefits of the savings provision of the re-zoning ordinance. Because of this substantial and material change in the plans, they argue, the plan approved in June 1991 is actually a new application, or re-application, submitted after the passage of the re-zoning ordinance. The Board of Review found as a matter of fact:
 ". . . there is sufficient evidence upon which to consider the instant subdivision materially and/or substantially different from that originally proposed."
The plaintiffs argue here that the Review Board was wrong as a matter of law in concluding that such a difference constituted a sufficient basis for disapproving the proposed plan. According to the Town's sub-division regulations:
 "47. Pre-application Conference: — A Preparatory Conference prior to the preparation of the Preliminary Plat which enables the subdivider to save time and expense in reaching general agreement with the Planning Board as to the form of that plat and the objectives of the Subdivision Regulations. The concept approved at the Pre-Application Conference shall remain unchanged through the Preliminary and Final Stages of the Sub-division."
The plaintiffs suggest that whether the plan, itself, is changed, even substantially and materially, the proper question is whether the concept has been changed. Their position is that, if the subdivision concept embodied in the 1986 pre-application plan is preserved in the 1989 final application plan, the savings clause in the zoning ordinance applies to their land.
What concept is embodied in the respective plans and whether it has been changed is, of course, only partly a question of fact, as the plaintiff conceded at the hearing before the Review Board. See, Transcript, Public Hearing, Zoning Boardof Review of the Town of Smithfield, July 10,1991, p. 99. The only evidence before the Planning Board and the Board of Review in the record certified to this Court are the two plat plans: Exhibit P, Preapplication Plan ofLand in Smithfield, R.I., of the Air ParkIndustrial Project, October 1986, and Exhibit O,Preapplication, Air Park Industrial Project, October1987, revised January 1989. Exhibit P embodied the subdivision concept approved at the pre-application stage andExhibit O the concept as finally approved with conditions and limitations.
In many ways the 1989 plan is apparently different from the 1986 plan. The defendants therefore urge that there is some competent evidence in the record which supports the Board of Review's finding that the 1989 plan is not saved by the savings provision of the 1987 re-zoning ordinance, citing E. Grossman Sons, Inc. v. Rocha, supra. On the other hand, the plans are substantially similar in many respects. It is not obvious from the bare comparison of the two plans that the fundamental concept of the 1986 subdivision was changed in the 1989 plan.
The hearing before the Board of Review did not focus on the weight or materiality of the differences between the two plans, although the issue was argued by counsel for all parties. Rather, the parties were involved in a dispute over whether the Planning Board was improperly influenced by an opinion from the assistant town solicitor who acted as its legal advisor in January 1989, when the revised plan was considered by the Planning Board.
The background of this aspect of the dispute arises out of certain events transpiring between November 3, 1986 and June 3, 1991. On May 2, 1988 the plaintiffs were heard by the Planning Board. The plaintiffs advised the Board they were going to have to change the plan as approved at pre-application. They appeared to be concerned whether they would be compelled to comply with newly-adopted sub-division regulations, or whether they would need to begin the application process anew. The Board voted to review the new plan at its June Meeting. On May 16, 1988 the Chairman of the Planning Board advised the plaintiffs that due to the changes they proposed they would be required to re-submit their new plans as a preapplication. Since the plaintiffs never intended to file a new preapplication they were understandably confused by the chairman's letter, particularly since the Board had not met in the meantime to review the new plan to decide if it changed the concept of the original filing. On January 9, 1989 the plaintiffs once again came before the Planning Board for approval of a revised pre-application plan, which the record indicates was the same as the plan submitted for review in May 1988. At that meeting the chairman made no reference to the Board meeting or to the exchange of correspondence in May 1988. The assistant town solicitor was asked for his opinion as to whether the changes from the 1986 plan were material enough to deny the plaintiffs the benefits of the zoning savings provision. He gave his opinion that the Board should approve the revised pre-application plan. At first, a motion to approve the revised plan failed for lack of a second. The Board then prevailed on the plaintiffs to make some further changes to the plan, which was thereupon unanimously approved.
The Review Board did not receive any evidence at its hearing as to the significance, importance, or bearing any of the changes to the 1986 plan had on the concept embodied in that plan. According to the record certified to this Court, after the hearing, at the conclusion of which the appeal was taken under advisement, the Board never deliberated or conferred in open public meeting as it is required to do by law. Its decision in the form of a resolution adopted unanimously on July 10, 1991 contains no discussion whatever for the basis of its conclusion that, "the instant subdivision (is) materially and/or substantially different from that originally proposed." This Court can only guess at what differences in the two plans the Review Board found substantial and material. The Review Board's decision articulates no basis for its disagreement with the Planning Board on the very same evidence.
Whether or not the changes between the two plans make a difference is what is sometimes called a mixed question of fact and law. Whether there are any changes and what they are present pure questions of fact and the Court is not permitted to substitute its judgment for the Board's if any competent evidence supports the Board's findings. The question of whether or not any such changes are material and substantial mixes legal issues with purely factual determinations. For that reason, the assistant town solicitors at the January 1989 and the June 1991 Planning Board meetings did not act improperly in rendering opinions as to legal segment of the question.
This Court has very carefully compared the two plans. While the Court is satisfied that the 1989 plan fundamentally embodies the concept of the lay-out described by the 1986 plan, and agrees with the opinions of the assistant town solicitors and the Planning Board, it cannot say with any assurance that there is no room for reasonable minds to disagree. It could be that the revisions to the 1986 plan are not the same as are regularly made to almost every major sub-division plan during the permitting process; it could be that they are. The Review Board hovers so close to the boundary of the arbitrary and capricious, that the Court is uncertain whether it crossed it or not.
From the Review Board's decision it is impossible to tell what evidence it relied upon to decide that the changes between the 1986 and 1989 plans were substantial and material. Nor can any legal standard be discerned. The Review Board baldly asserts that there is "sufficient" evidence, but it simply does not say what evidence it is. For all the record discloses the board members flipped a coin and reported the results. A reviewing court is entitled to more from an administrative agency. The following language in May-Day Realty Co. v. Board of Appeals ofthe City of Pawtucket, 107 R.I. 235, 239, 267 A.2d 400, 403 (1970) illustrates the problem here:
 "The issue here, however, is not the form, but the content of the decision; and what we must decide is whether the board members resolved the evidentiary conflicts, made the prerequisite factual determinations, and applied the proper legal principles. Those findings must, of course, be factual rather than conclusional, and the application of the legal principles must be something more than the recital of a litany. These are minimal requirements. Unless they are satisfied, a judicial review of a board's work is impossible." (Emphasis supplied.)
See also, Irish Partnership v. Rommell, 518 A.2d 356 (R.I. 1986).
For these reasons, the decision of the Review Board is vacated and the record is remanded to the Review Board for further proceedings, which shall include, if requested by the plaintiff, a further evidentiary hearing with appropriate notice on the issue of whether or not any changes to the 1986 plan are substantial and material. The Board of Review shall consider the plaintiffs' appeal anew at a public hearing at which its deliberations and votes, if any, shall be recorded. It shall set forth in its decision the facts it finds, together with evidence upon which it relied to find such facts, and the reasons for its conclusions.