DECISION
Before this Court is an appeal from a decision of the Zoning Board of Review of the Town of Cumberland (Zoning Board). John R. Prendergast, Diane Prendergast, James G. Dusty and Lisa Dusty (appellants) seek reversal of the Board's decision of July 14, 1999 granting the application of Susan McKee (owner) for a dimensional variance. This Court has jurisdiction pursuant to G.L. 1956 § 45-24-69.
 Facts/Travel
The subject property is designated as Assessor's Plat 26, Lot No. 54, and is located at Diamond Hill Road and Hillside Road. The property is located in a R-1 Residence Zone. The owner filed an application for a dimensional variance from the requirements of the Town of Cumberland's Zoning Ordinance (Ordinance). Specifically, the owner applied for a variance from the minimum frontage requirement of 100 feet in a R-1 Residence District.
On June 30, 1999, the owner applied to the Town of Cumberland Planning Board (Planning Board) for permission to subdivide the property into two parcels. According to the plan, proposed Parcel A would consist of 93,351 square feet, and proposed Parcel B would be comprised of 96,272 square feet. Parcel A would have 40 feet of frontage on Diamond Hill Road and Parcel B would have 70 feet of frontage also on Diamond Hill Road, resulting in nonconforming minimum frontage on both properties. Thus the owner required both Planning Board and Zoning Board approval.
At the aforementioned meeting, the Planning Board unanimously voted to approve the Preliminary Stage/Minor Residential Subdivision application of Susan McKee. However, the Planning Board's approval was subject to Zoning Board approval for the frontage requirement. In addition, the Planning Board held that the proposed subdivision was not consistent with the goals, purposes, and intent of the Cumberland Comprehensive Community Plan 1991-2010.
The Zoning Board then conducted a public hearing on the application for a variance from the minimum frontage requirements on July 14, 1999. After the hearing, the Zoning Board voted 4-1 in favor of granting the relief requested. The Zoning Board conditioned its approval on the owner obtaining the necessary further approvals from the Planning Board. The Zoning Board did not issue a written decision on this matter.
The appellants timely appealed the Board's decision on July 30, 1999. In addition, the appellants requested and were granted by this Court a stay of the Zoning Board's decision. The order enjoined the Planning Board from further considering the application. On appeal, the appellants argue that the application was not properly before the Zoning Board because the Planning Board had not given the requisite conditional approval required by the Town of Cumberland Land Development and Subdivision Regulations (Regulations) and that the application was incomplete because it failed to request all necessary relief.
 Standard of Review
The standard of review for this Court's appellate consideration of the Decision is outlined in G.L. § 45-24-69(D), which states:
 "(D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a zoning board decision, this Court must examine the entire certified record to determine whether substantial evidence exists to support the finding of the board. Salve Regina College v. Zoning Bd. of Review, 594 A.2d 878, 880 (R.I. 1991) (citing DeStefano v. Zoning Bd. of Review of Warwick, 122 R.I. 241, 245, 405 A.2d 1167, 1170 (1979)); Restivo v. Lynch, 707 A.2d 663 (R.I. 1998). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a preponderance." Caswell v. George Sherman Sand and Gravel Co., Inc.,424 A.2d 646, 647 (R.I. 1981) (citing Apostolou v. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978)). The essential function of the zoning board is to weigh evidence, with discretion to accept or reject the evidence presented. Bellevue Shopping Center Associates v. Chase,574 A.2d 760, 764 (R.I. 1990). Moreover, this Court should exercise restraint in substituting its judgment for that of the zoning board and is compelled to uphold the board's decision if the Court "conscientiously finds" that the decision is supported by substantial evidence contained in the record. Mendonsa v. Corey, 495 A.2d 257 (R.I. 1985) (quoting Apostolou v. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978)). It is only if the record is "completely bereft of competent evidentiary support" that a board of appeal's decision may be reversed. Sartor v. Coastal Resources Management Council of Rhode Island, 434 A.2d 266, 272 (R.I. 1981).
 Findings of Fact
G.L. 1956 § 45-24-61 provides that
 "[f]ollowing a public hearing zoning boards of review shall render a decision within a reasonable period of time. The zoning board of review shall include in its decision all findings of fact and conditions, showing the vote of each participating member, and the absence of a member or his or her failure to vote. Decisions shall be recorded and filed in the office of the city or town clerk within thirty (30) working days from the date when the decision was rendered, and is a public record. The zoning board of review shall keep written minutes of its proceedings, showing the vote of each member upon each question, or, if absent or failing to vote, indicating that fact, and shall keep records of its examinations, findings of fact, and other official actions, all of which shall be recorded and filed in the office of the zoning board of review in an expeditious manner upon completion of the proceeding."
The Ordinance sets twenty days as the reasonable period of time within which the Zoning Board shall render a decision. (Sec. 9-7(i).) The Ordinance essentially emulates G.L. 1956 § 45-24-61, except that decisions must be recorded and filed within ten working days from the date when the decision was rendered. (Sec. 9-7(i).)
The Supreme Court has consistently emphasized the importance of zoning boards of review making findings of fact and conclusions of law in support of their decisions. In recent pronouncements, the Court has "caution[ed] zoning boards and their attorneys to make certain that zoning-board decisions on variance applications (whether use or dimensional) address the evidence in the record before the board that either meets or fails to satisfy each of the legal preconditions for granting such relief, as set forth in 45-24-41(c) and (d)." Sciacca v. Caruso, No. 99-44-1-A., slip op. at 11 (R.I., filed April 2, 2001). This information will assist the Court in
 "decid[ing] whether the board members resolved the evidentiary conflicts, made the prerequisite factual determinations, and applied the proper legal principles. Those findings must, of course, be factual rather than conclusional and the application of the legal principles must be something more than the recital of a litany. These are minimal requirements. Unless they are satisfied, a judicial review of a board's work is impossible."
Irish Partnership v. Rommel, 518 A.2d 356, 358-9 (R.I. 1986) (quoting May-Day Realty Corp. v. Board of Appeals of Pawtucket, 107 R.I. 235, 239, 267 A.2d 400, 403 (1970).
In the instant case, the Zoning Board failed to issue a written decision with respect to the application of Susan McKee for a dimensional variance. The record includes minutes of the July 19, 1999 Zoning Board hearing as well as a transcript of the proceedings. Section 45-24-61
clearly differentiates "minutes" from a decision, the latter of which is not part of the record before this Court. Furthermore, both of the documents presented — the minutes of the hearing and the transcript — show that Zoning Board granted the relief requested "based on the fact that the hardship from which the applicant seeks relief is due to the unique characteristics of the land, that the hardship is not a result of any prior action of the applicant, and that the granting of the requested variance will not alter the general characteristic of the surrounding area and that the relief to be granted is the least relief necessary." (Tr. at 81-82.) While this statement tracks the language of Section 9-8 of the Ordinance, the Zoning Board's decision was as the Supreme Court warned "conclusional and failed to apply the proper legal principles, thereby making judicial review of the board's work impossible." Irish Partnership, 518 A.2d at 358. Although the transcript of the hearing clearly shows the problems facing the Zoning Board and may provide some insight into the decision of the Zoning Board, the Court has previously stated that "when the Board fails to state findings of fact, the court will not search the record for supporting evidence or decide for itself what is proper in the circumstances." Id. at 359. Since this issue warrants a remand, the other arguments raised by the appellants need not be considered at this time.
As such, the Court orders that this matter be remanded to the Board for findings of fact and a written decision. This Court will retain jurisdiction of this matter.