DECISION
Daniel Smalley (Smalley or Appellant) appeals from a decision of the Town of Cumberland Zoning Board of Review (Board) issued on May 24, 2005. In its decision, the Board granted a dimensional variance to Appellee Americo Soares (Soares or Appellee) to construct a two-family home on his property, without having the required minimum square footage to do so. This Court has jurisdiction pursuant to G.L. 1956 § 45-24-69. For the reasons set forth herein, this Court remands this matter to the Town of Cumberland Zoning Board of Review for adequate findings of fact consistent with this opinion.
 FACTS AND TRAVEL
Appellee is the owner of real property located on Abbott Street in Cumberland, Rhode Island, also known as Lot 145 on Assessor's Plat 2 (Property). The Property, presently a vacant lot, is situated adjacent to 119 High Street, also known as Lot 142 on Assessor's Plat 2 and is currently zoned R-2. Soares has owned and resided on Lot 142 for over 30 years. (Tr. 5.) Appellant is the owner of real estate located at 1 Hatch Street, Cumberland, Rhode Island, also known as Lots 116, 117, 319, and 393 on Assessor's Plat 2. Appellant's property is within the 200 foot radius, as contemplated by G.L. 1956 § 45-24-53, surrounding the Property.
The Cumberland Zoning Ordinance (Ordinance) defines an R-2 district as "intended for medium density residential areas comprised of structures containing single dwelling units and two dwelling units located on lots with a minimum land area of 10,000 sq. ft. per unit plus 3,500 sq. ft. for a second unit. . . ." (Ordinance § 1-2.) While a two household dwelling is a permitted use in an R-2 zone, the Ordinance clearly requires an additional 3,500 sq ft. over the minimum 10,000 sq ft. necessary for any residential lot. (Ordinance § 1-2; § 3-4, Table 1.)
Soares applied for a dimensional variance in order to construct the two-family home in accordance with the Ordinance.[1]
The Property's square footage is 11,326 sq ft., well short of the required 13, 500 sq. ft. (Appellant's Complaint Exhibit A; Tr. 6-7.) At the duly noticed public hearing on May 11, 2005, posted in compliance with G.L. 1956 § 45-24-41 and § 45-24-53, the only persons testifying were Gary and Semira Peters, Soares' son-in-law and daughter. (Tr. 1-2.) Appellant did not attend this hearing. (Id.)
At the hearing, copies of Soares' building plans for the Property were entered into the record. (Tr. 11-12.) A site plan dated April 12, 2005, as revised January 22, 2002; a Sewer Easement from Cumberland; and an opinion letter from the town Planning Board were also entered into the record. (Tr. 19; 21-23.) Gary Peters, Soares' son-in-law, testified to Soares' desire to build a two-family house so that "other relatives," his daughter and son, could live on the Property. (Tr. 6.) Mr. Peters testified to the general type of residences in the surrounding area, stating that the Property is surrounded by "all multiple famil[y]" homes, and that a new two-family home would conform with the character of homes on that side of Abbott Street. (Tr. 8.) Mr. Peters further testified that building plans were created for the two-family house in conformance with the requirements for the borders and other guidelines set by Cumberland. (Tr. 10.) Those plans were submitted to Mr. Stanley Pikul, a building official present at the hearing, who stated that he was satisfied with them after initially inquiring about the easements on the Property. (Tr. 11.)
The Board addressed its concerns with regard to Lot 228, a small triangular lot located in between the Property and Soares' current home, Lot 142. (Tr. 12.) Mr. Peters speculated that Soares had purchased Lot 228, and that "it was all purchased as one whole. . . ." (Id.) Because a determination Lot 228's status might affect those who were to be given notice of the hearing, the Board conditioned any decision on a confirmation of the lot's status by the Board. (Tr. 12-19.)
With respect to the general character of the area, Attorney Feeney stated that many of the lots surrounding the Property not only contain multi-family homes, but are also nonconforming according to the current Ordinance. (Tr. 21.) In closing the hearing, the Board addressed the opinion letter it received from the Cumberland Planning Board, which read:
 "The Planning Board received the following materials for review: Petition for variance; abutters list; and, a copy of the plat map illustrating the radius of notification. A site map was not provided for the property.
 It appears that this application lacks sufficient information to determine whether the project is consistent with the goals and purposes of the Comprehensive Plan, and whether the project will significantly change the character of the neighborhood.
 The lot in question is located in an R-2 residential zone and is surrounded by multi-family residences on small lots, commercial and industrial properties. Mr. Feeney is requesting a lot density variance to construct a two-family residence. From a review of the neighborhood, it appears that the proposed use is consistent with the Comprehensive Plan and the character of the neighborhood. The applicant failed to submit a site plan, and the Planning Board was unable to determine the specific relief being requested and whether the relief was appropriate. There is also a concern with the berm adjacent to the property that also creates a bump in the abutting road. This berm could create a hazard for vehicles exiting the property. Without seeing the layout of the house and driveway, the Planning Board was unable to determine whether the request was appropriate.
The Planning Board believes that this application requires additional information in order to determine whether the proposed use is consistent with the Comprehensive Plan." (Tr. 22-23.)
 The Board voted 5-0 in favor of granting the Soares' request for a dimensional variance, "subject to confirmation by the Building Official" that Lot 228 had merged with the Property prior to the filing of the application.[2] (Tr. 26.) The May 11, 2005 Board meeting minutes were recorded on May 24, 2005. (Board's Decision 1.) In rendering its decision, the Board articulated the following findings of fact:
 "Attorney Michael J. Feeney came forward and stated that he was listed as the Petitioner on this matter, but he represented Mr. and Mrs. Americo Soares, and they are the actual Petitioners in this matter. Mr. Feeney asked the Board if he could present Mr. Gary Peters, who is the son-in-law of Mr. Soares, to testify on Mr. Soares' behalf, since he spoke little or no English. Ms. Morris stated that would be fine, and Mr. Gary Peters was sworn and testified in support of this request for dimensional variance. Mr. Feeney then presented Mrs. Semira Peters, the daughter of Mr. and Mrs. Soares, who also testified in favor of this request. No one else came forward to testify either in favor or against this request.
 After hearing, Mr. Santoro made a motion to accept the Soares application for a dimensional variance to build a two-family dwelling on Assessor's Plat 2, Lot 145, to include Lot 228, as described in the historical land maps, due to the fact that hardship from which the applicants seek relief is due to the unique characteristics of the subject land or structure and not to the general characteristics of the surrounding area, and not due to a physical or economic disability of the applicant; and that such hardship is not the result of any prior action of the applicant, and does not result primarily from the desire of the applicant to realize greater financial gain, and the granting of the requested variance will not alter the general characteristic of the surrounding area or impair the intent or purpose of this Zoning Ordinance or the Comprehensive Plan of the Town of Cumberland; that the relief granted is the least relief necessary; and that the hardship that will be suffered by the owner of the subject property, if the dimensional variance is not granted, shall amount to more than a mere inconvenience, which shall mean that there is no other reasonable alternative to enjoy a legally-permitted beneficial use of this property; and subject to confirmation by the Building Official that lot 228 was merged . . . THE MOTION WAS APPROVED 5-0." (Board's Decision 2-3.)
The Appellant took a timely appeal, asking this Court to reverse the decision of the Board. Notice was adequately provided pursuant to § 45-24-69.1.
 STANDARD OF REVIEW
The Superior Court's review of a zoning board decision is governed by § 45-24-69(d). Section § 45-24-69(d) provides:
 "The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory, ordinance or planning board regulations provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
It is axiomatic that "[t]he Superior Court reviews the decisions of a plan commission or board of review under the `traditional judicial review' standard applicable to administrative agency actions." Restivo v. Lynch, 707 A.2d 663,665 (R.I. 1998). When reviewing a zoning board decision, the Superior Court "lacks [the] authority to weigh the evidence, to pass upon the credibility of witnesses, or to substitute [its] findings of fact for those made at the administrative level."Id. at 665-66 (quoting Lett v. Caromile, 510 A.2d 958, 960(R.I. 1986)). The trial justice "must examine the entire record to determine whether `substantial' evidence exists to support the board's findings." DeStefano v. Zoning Bd. of Review ofWarwick, 122 R.I. 241, 245, 405 A.2d 1167, 1170 (1979). The term "substantial evidence" has been defined as "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion, and means [an] amount more than a scintilla but less than a preponderance." Lischio v. Zoning Bd. of Reviewof North Kingstown, 818 A.2d 685, 690 n. 5 (R.I. 2003) (quotingCaswell v. George Sherman Sand Gravel Co., Inc.,424 A.2d 646, 647 (R.I. 1981)).
The deference this Court gives to the zoning board's decision and findings is, however, conditional upon the board's providing adequate findings of fact that support its decision. Kaveny v.Town of Cumberland Zoning Bd. of Review, 875 A.2d 1, 8 (R.I. 2005). Factual findings, amounting to more than mere conclusory statements or a "recital of a litany," are necessary to accomplish judicial review of a zoning board decision. vonBernuth v. Zoning Bd. of Review of New Shoreham, 770 A.2d 396,401 (R.I. 2001) (quoting Irish P'ship v. Rommel, 518 A.2d 356,358 (R.I. 1986)). The deference given to a zoning decision is due, in part, to the fact "that a zoning board of review is presumed to have knowledge concerning those matters which are related to an effective administration of the zoning ordinance."Monforte v. Zoning Bd. of Review of East Providence,93 R.I. 447, 449, 176 A.2d 726, 728 (1962). With respect to questions of law, however, this Court conducts a de novo review; consequently, the Court may remand the case for further proceedings or potentially vacate the decision of the Board if it is "clearly erroneous in view of the reliable, probative and substantial evidence of the whole record." von Bernuth,770 A.2d at 399; see also G.L. 1956 § 45-29-69(d)(5).
 FINDINGS OF FACT
In order to render a decision, the Board is required by statute to make findings of fact. Section 45-24-41 mandates in pertinent part:
 "(c) In granting a variance, the zoning board of review requires that evidence to the satisfaction of the following standards is entered into the record . . .
 . . . .
 (d) The zoning board of review shall, in addition to the above standards, require that evidence is entered into the record of the proceedings. . . ." (Emphasis added.)
Specifically, with reference to the decisions and records of the Board, G.L. 1956 § 45-24-61 requires that "[t]he zoning board of review shall include in its decision all findings of facts and conditions. . . ." Our Supreme Court has stated that this Court "must decide whether the board members resolved the evidentiary conflicts, made the prerequisite factual determinations, and applied the proper legal principles. Those findings must, ofcourse be factual rather than conclusional, and the applicationof legal principles must be something more than the recital of alitany." Irish P'ship v. Rommel, 518 A.2d at 358-59 (quotingMay-Day Realty Corp. v. Bd. of Appeals of Pawtucket,107 R.I. 235, 267, 267 A.2d 400, 403 (1970)) (emphasis added).
The law is well stated that this Court "shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact." G.L. 1956 §45-24-69. However, this deferential standard of review is contingent upon the Board making sufficient findings of fact.Kaveny, 875 A.2d at 8; von Bernuth, 770 A.2d at 401 (holding findings of fact necessary so that Board decisions "may be susceptible of judicial review"). When the record is devoid of findings of fact, or findings of fact are judged to be inadequate, judicial review becomes impossible. Kaveny,875 A.2d at 8. In such a situation, this Court "will not search the record for supporting evidence or decide for itself what is proper in the circumstances." von Bernuth, 770 A.2d at 401
(quoting Irish P'ship, 518 A.2d at 359). Particularly with variance applications, zoning boards and their attorneys should "make certain that [decisions] . . . address the evidence in the record before the board that either meets or fails to satisfy each of the legal preconditions for granting such relief, as set forth in § 45-24-41(c) and (d)." Sciacca v. Caruso,769 A.2d 578, 585 (R.I. 2001).
In essence, the Board's decision in this matter is a recital of the standard of review as it appears both in the Town of Cumberland ordinances and the Rhode Island General Laws, and such recital does not amount to sufficient findings of fact. IrishP'ship, 518 A.2d at 358-59 (quoting May-Day Realty Corp.,107 R.I. at 267, 267 A.2d at 403). Here, the Board inserted conclusory boilerplate language, unsupported by any factual findings. See Irish P'ship, 518 A.2d at 358-59; Hopf v.Board of Review, 102 R.I. 275, 288, 230 A.2d 420, 428 (1967). At most, the Board made the following findings of fact in rendering its decision:
 ". . . Mr. Gary Peters was sworn and testified in support of this request for dimensional variance. Mr. Feeney then presented Mrs. Semira Peters . . . who also testified in favor of this request. No one else came forward to testify either in favor or against this request . . . [a]fter hearing, Mr. Santoro made a motion to accept the Soares application for a dimensional variance. . . ." (Board's Decision 2.)
The Board's decision reveals almost nothing about how the Board arrived at its conclusions that Soares had satisfied the statutory test imposed for the granting of a dimensional variance.
Accordingly, this Court must remand the case for further proceedings consistent with this opinion. On remand, the Board should ensure that its findings of fact are sufficiently delineated within its opinion, making reference to evidence presented, and that its conclusions of law are then adequately supported by said findings. This Court directs the Board to make specific findings of fact concerning the status of Lot 228 and its alleged merger into Lot 145, as well as what particular characteristics of Soares' application led the Board to approve the dimensional variance in accordance with the statutory requirements for granting such variance.
 CONCLUSION
After review of the record before it, this Court finds that the Board's findings of fact and decision were inadequate, amounting to unsupported conclusions. Accordingly, this Court hereby remands this matter to the Town of Cumberland Zoning Board of Review for adequate findings of fact consistent with this opinion. This Court shall retain jurisdiction over this matter. Counsel shall present an appropriate Order consistent with this Decision.
[1] Michael J. Feeney is an attorney at McKenney, Jeffrey and Quigly in Providence, Rhode Island. (Tr. 3.) While the application for the dimensional variance lists Attorney Feeney as the Petitioner, in fact, the Petitioner is Soares. (Tr. 3-4.)
[2] Neither the Appellant nor any Appellees have submitted any evidence that Lot 228 either did or did not merge with Lot 145 at the time Soares submitted the application.