DECISION
Bromley Real Estate Corporation (Bromley or Appellant) appeals from a decision of the City of Providence Zoning Board of Review (Board) issued on October 17, 2002. By its decision, the Board denied a dimensional variance to Bromley to install a third driveway and curb-cut at the front yard of its property intending to provide access to thirteen (13) new parking spaces to be constructed. This Court has jurisdiction pursuant to G.L. 1956 § 45-24-69. For the reasons set forth herein, this Court reverses and remands this matter to the City of Providence Zoning Board of Review for adequate findings of fact consistent with this opinion.
 FACTS AND TRAVEL
Appellant is the owner of real property located at 96-106 East Manning Street in Providence, Rhode Island, also known as Lot 23 on Assessor's Plat 14 (Property). The Property contains a forty (40) unit multi-family structure, and it is situated in an R-3 zone. Bromley has owned the property since 1991. Since that time, the Property has contained forty-seven (47) parking spaces for use by its residents. In 1994, the City of Providence amended the City of Providence Code of Ordinances (Ordinance) to alter the required number of parking spaces depending on the use code of each lot, requiring that the Property now contain sixty (60) spaces. (Appellant's Memorandum 1.) This amendment to the Ordinance created the nonconformance which is the subject of this appeal.
Section 205 of the Ordinance requires the Property to conform to the parking regulations established in Article VII of the Ordinance. Specifically, § 703.2 contains a table specifying the required number of off-street parking spaces for each use code.[1] The Property's use code falls in the range of 11-14 (Family Dwellings), as described by the table in Article III, and therefore, by reference to the table in § 703.2, is required to maintain 1.5 parking spaces per dwelling unit. With the Property containing merely forty-seven (47) spots, Appellant sought a dimensional variance in order to have a curb cut so there could be access to a new parking lot. (Tr. 3-4.) The new parking lot would contain thirteen (13) additional spots, allowing the Property to conform to the requirements of §§ 205 and 703.2. (Application to Zoning Board 2.)
A notice of public hearing was posted in compliance with G.L. 1956 § 45-24-41 and § 45-24-53, scheduling the hearing for August 20, 2002. In support of the variance application appeared Neil Bromley, owner of the Property through his corporation, John Badorek, manager of the Property, and its attorney. It appears several people attended in opposition, including John Pagliarini (Pagliarini), an attorney apparently acting on behalf of the opposing neighbors; Linda Handel, a neighbor living on East Manning Street directly opposite the Property; Robert P. Murphy, a property owner on East Manning Street; and Robert Clarkin, a former city councilman.
At the hearing, Pagliarini initially challenged whether the variance requested should come in the form of a use variance or the applied for dimensional variance. (Tr. 2.) Pagliarini, citing several sections of Article II of the Ordinance, argued that the Property represented a nonconforming use because there are more units on the Property than what is allowed by the Ordinance. (Tr. 2-5.) He suggested that the issue at hand was not whether there are enough parking spaces to accommodate the number of units, but rather that there are more units than allowed by the Ordinance. (Id.) While the Board Chair recognized that the Property is "denser than the ordinance allows," the Board, in construing § 200.4 of the Ordinance, treated the application as a request for a dimensional variance, and not a request for a use variance. (Tr. 4-5, 8.)
Appellant contended that in order to comply with the Ordinance and provide the required number of parking spaces, a third cub must be cut so that there can be access to a new parking lot. (Tr. 5-6.) Appellant contends that the added thirteen (13) parking spaces not only make the Property a conforming lot, but also would provide an added benefit to the community because the additional parking would allow Appellant's tenants to park on the Property and not on East Manning Street. (Tr. 7.) Much of the testimony of both Mr. Badorek and Mr. Bromley centered around what aesthetic changes to the neighborhood would result from the granting of the variance and construction of a new parking lot. The Board focused on what particular trees and shrubs would be planted so as to diminish the visibility of the new parking lot.
In opposition, Pagliarini opined, "[t]he answer . . . to bring[ing] [the Property] into the general character of the neighborhood is to remove units to downgrade the parking demands," as opposed to adding parking to remove cars from the street. (Tr. 15.) With respect to the aesthetic aspect of the project, Linda Handel, a neighbor to the Property testified that her front window, along with at least five of her neighbors' windows, would look straight out at this new "asphalt," which would seemingly add to what is already a "very heavily congested area." (Tr. 16.) In further opposition, a former city councilman, Robert Clarkin noted that despite spending "probably about 300,000, 400,000 dollars" of city money in that neighborhood in an effort to upgrade the aesthetics, the area is still "all asphalt, the whole thing." (Tr. 18.) Mr. Clarkin warned that if the Board allowed this variance and the parking lot was constructed, that there would be little or no green space left in that area. (Id.) Finally, Robert P. Murphy, a property owner on East Manning Street, noted that instead of trying to "correct the problem of too many people and very, very few spaces to park, you manage your property" around the problem. (Tr. 19.) As a property owner who is also unable to provide adequate parking to all of his residents, like Appellant, Mr. Murphy suggested other ways to solve the problem, such as monetary compensation to the tenants. (Id.)
Shortly before deliberating, the Board noted that the Department of Planning and Development recommended that the petition be denied. (Tr. 18.) The Board then voted 5-0 in favor of denying Appellant's request for a dimensional variance. (Tr. 20-21.) The August 20, 2002, Board decision was issued on October 17, 2002. (Appellant's Memorandum Exhibit A.) In rendering its decision, the Board articulated the following findings of fact:
 "1. The Zoning Board of Review properly heard this matter upon the application of the Owner requesting a dimensional variance pursuant to the provisions of the City of Providence Zoning Ordiance.
 2. Bromley Real Estate Corporation is the Owner of the subject property located at 96-106 East Manning Street in the City of Providence. The property is located in a residence R-3 zone and contains approximately 34, 655 square feet of land area.
 Relative to the Owner's request for a dimensional variance, the testimony presented at the Board's August 20, 2002 hearing clearly does not meet the criteria for the granting of such variances under R.I.G.L. Section 45.24.41 (c) and (d) and the Providence Ordinance Section 902.3 because: 3.
 a) The Owner did not show that the hardship sought is due to the unique characteristics of the subject land or structure and is not due to the general characteristics of the surrounding area.
 b) The Owner did not show that the hardship is not the result of any prior action of the Owner and does not result primarily from the desire of the Owner to realize greater financial gain.
 c) The Owner did not show that the granting of a dimensional variance will not alter the general character of the surrounding area or impair the intent or purpose of the Zoning Ordinance or the Comprehensive Plan for the City of Providence.
 d) The Owner did not show that the relief requested is the least relief necessary in order for the application to be approved.
 e) The Owner did not show that the subject land and structure could not yield any beneficial use if it was required to conform to the provisions of the Zoning Ordinance.
 f) The Owner did not show that the hardship that would be suffered by the owner of the Property if a dimensional variance is not granted would amount to more than a mere inconvenience or that there is no other reasonable alternative to enjoy a legally permitted beneficial use of the subject property." (Appellant's Memorandum Exhibit A.)
The Appellant took a timely appeal, asking this Court to reverse the decision of the Board. Notice was adequately provided pursuant to §45-24-69.1.
 STANDARD OF REVIEW
The Superior Court's review of a zoning board decision is governed by § 45-24-69(d). Section § 45-24-69(d) provides:
 "The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory, ordinance or planning board regulations provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
It is axiomatic that "[t]he Superior Court reviews the decisions of a plan commission or board of review under the 'traditional judicial review' standard applicable to administrative agency actions."Restivo v. Lynch, 707 A.2d 663, 665 (R.I. 1998). When reviewing a zoning board decision, the Superior Court "lacks [the] authority to weigh the evidence, to pass upon the credibility of witnesses, or to substitute [its] findings of fact for those made at the administrative level."Id. at 665-66 (quoting Lett v. Caromile, 510 A.2d 958, 960 (R.I.1986)). The trial justice "must examine the entire record to determine whether 'substantial' evidence exists to support the board's findings."DeStefano v. Zoning Bd. of Review of Warwick, 122 R.I. 241, 245,405 A.2d 1167, 1170 (1979). The term "substantial evidence" has been defined as "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion, and means [an] amount more than a scintilla but less than a preponderance." Lischio v. Zoning Bd. ofReview of North Kingstown, 818 A.2d 685, 690 n. 5 (R.I. 2003) (quotingCaswell v. George Sherman Sand Gravel Co., Inc., 424 A.2d 646, 647
(R.I. 1981)).
The deference this Court gives to the zoning board's decision and findings is, however, conditional upon the board's providing adequate findings of fact that support its decision. Kaveny v. Town of CumberlandZoning Bd. of Review, 875 A.2d 1, 8 (R.I. 2005). Factual findings, amounting to more than mere conclusory statements or a "recital of a litany," are necessary to accomplish judicial review of a zoning board decision. von Bernuth v. Zoning Bd. of Review of New Shaoreham,770 A.2d 396, 401 (R.I. 2001) (quoting Irish P'ship v. Rommel, 518 A.2d 356, 358
(R.I. 1986)). The deference given to a zoning decision is due, in part, to the fact "that a zoning board of review is presumed to have knowledge concerning those matters which are related to an effective administration of the zoning ordinance." Monforte v. Zoning Bd. ofReview of East Providence, 93 R.I. 447, 449, 176 A.2d 726, 728 (1962). With respect to questions of law, however, this Court conducts a denovo review; consequently, the Court may remand the case for further proceedings or potentially vacate the decision of the Board if it is "clearly erroneuous in view of the reliable, probative and substantial evidence of the whole record." von Bernuth, 770 A.2d at 399;see also G.L. 1956 § 45-29-69(d)(5).
 FINDINGS OF FACT
In order to render a decision, the Board is required by statute to make findings of fact. Section 41 of G.L. 1956 title 45 chapter 24 mandates in pertinent part:
 "(c) In granting a variance, the zoning board of review requires that evidence to the satisfaction of the following standards is entered into the record . . .
 . . . .
 (d) The zoning board of review shall, in addition to the above standards, require that evidence is entered into the record of the proceedings . . . ." (Emphasis added.)
Specifically, with reference to the decisions and records of the Board, G.L. 1956 § 45-24-61 requires that "[t]he zoning board of review shall include in its decision all findings of facts and conditions . . . ." Our Supreme Court has stated that this Court "must decide whether the board members resolved the evidentiary conflicts, made the prerequisite factual determinations, and applied the proper legal principles. Those findings must, of course be factual rather than conclusional, and the application of legal principles must be something more than the recital of a litany." Irish P'ship v. Rommel,518 A.2d at 358-59 (quoting May-Day Realty Corp. v. Bd. of Appealsof Pawtucket, 107 R.I. 235, 267, 267 A.2d 400, 403 (1970)).
The law is well stated that this Court "shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact." Section 45-24-69. However, this deferential standard of review is contingent upon the Board making sufficient findings of fact. Kaveny, 875 A.2d at 8; von Bernuth,770 A.2d at 401 (holding findings of fact necessary so that Board decisions "may be susceptible of judicial review"). When the record is devoid of findings of fact, or findings of fact are judged to be inadequate, judicial review becomes impossible. Kaveny, 875 A.2d at 8. In such a situation, this Court "will not search the record for supporting evidence or decide for itself what is proper in the circumstances."von Bernuth, 770 A.2d at 401 (quoting Irish P'ship, 518 A.2d at 359). Particularly with variance applications, zoning boards and their attorneys should "make certain that [decisions] . . . address the evidence in the record before the board that either meets or fails to satisfy each of the legal preconditions for granting scuh relief, as set forth in § 45-24-41(c) and (d)." Sciacca v. Caruso, 769 A.2d 578, 585 (R.I. 2001).
In the instant matter, the Board inserted conclusory boilerplate language, unsupported by any factual findings. See Irish P'ship,518 A.2d at 358-59; Hopf v. Board of Review, 102 R.I. 275, 288,230 A.2d 420, 428 (1967). In rendering its decision, the only findings containing any facts are as follows:
 "1. The Zoning Board of Review properly heard this matter upon the application of the Owner requesting a dimensional variance pursuant to the provisions of the City of Providence Zoning Ordiance.
 2. Bromley Real Estate Corporation is the Owner of the subject property located at 96-106 East Manning Street in the City of Providence. The property is located in a residence R-3 zone and contains approximately 34, 655 square feet of land area.
 3. Relative to the owner's request for a dimensional variance, the testimony presented at the Board's August 20, 2002 hearing clearly does not meet the criteria for the granting of such variances . . . ." (Appellant's Memorandum Exhibit A.)
In essence, the Board's decision in this matter is a recital of the standard as it appears both in the City of Providence Code of Ordinances and the Rhode Island General Laws, and such recital does not amount to sufficient findings of fact. Irish P'ship, 518 A.2d at 358-59 (quotingMay-Day Realty Corp., 107 R.I. at 267, 267 A.2d at 403). The Board's decision reveals almost nothing about how the Board arrived at its conclusions that the Appellant had not satisfied the statutory test imposed for the granting of a dimensional variance. Merely stating that Appellant "clearly does not meet the criteria" falls well short and is far too conclusory to amount to sufficient findings of fact.
Accordingly, this Court must reverse and remand the case for further proceedings consistent with this opinion. On remand, the Board is directed — on the basis of the record before it and in accordance with the applicable standards of law — to make factual findings that either persuade the Board to grant the relief requested or deny it as the Board sees fit. On remand, the Board should ensure that its findings of fact are sufficiently delineated within its opinion, making reference to evidence presented, and that its conclusions of law are then adequately supported by said findings. The Board should make specific findings of fact concerning what particular characteristics of Appellant's application lead the Board to its decision in accordance with the statutory requirements governing the grant or denial of such variance.
 CONCLUSION
After review of the record before it, this Court finds that the Board's findings of fact and decision were inadequate, amounting to unsupported conclusions. Accordingly, this Court hereby reverses and remands this matter to the City of Providence Zoning Board of Review for adequate findings of fact consistent with this opinion.
[1]As directed in § 703 of the Ordinance, the "use code" of each property is defined in Article III and Appendix A of the Ordinance. The Property's use code falls in the 11-14 range of the table in Article III of the Ordinance, described as "Family Dwellings."